tled to an allowance for drawing and copy of the underwriting upon the summons; as the underwriting as well as the drawing of the summons belong to the duties of the solicitor.

That the master is entitled to a fee for attendance upon a reference to compute amount due, in addition to the specific allowance for computation, where the defendants have appeared and are summoned to attend the reference, and the master is required to examine and report as to the rights of the infants, as well as to take proof as to the rights of absentees.

The sum of $34,65 directed to be deducted from the bill of costs, as taxed, and the balance only, directed to be paid. Guardian ad litem allowed $8, for his costs upon this application.

*Charles A. Davis* v. *The American Life Insurance and Trust Company and others.* E. SANDFORD, for the complainant; J. RHOADES, for defendants. Order appealed from affirmed with costs, but without prejudice to complainant's right to renew the application for an injunction, as to the Sterling note, on an amended, or a new bill.

*Thomas Powell et al.* v. *Stephen Tuttle et al.* J. A. COLLIER, for complainants; H. GRAY, for defendants. The chancellor decided that where a party applies for leave to examine witnesses whose names have not been furnished to the examiner or to the adverse party according to the provisions of the 83d rule of this court, upon the ground that the materiality of such witnesses has been discovered subsequent to the examination of all or any of the witnesses of the adverse party, a general affidavit of the party that the testimony is material as he is advised by counsel and verily believes is not sufficient. But he must state in his affidavit, briefly, the nature and substance of what he expects and believes he will be able to prove by such witnesses; not only to prevent evasions of the rule, but also to enable the court to insert such provisions in the order allowing such new witnesses to be examined, as will be necessary to protect the rights of both parties.

That where, after the examination of witnesses is closed,

*Practice as to examining new witnesses after examination closed.*

either party applies to the court for leave to examine witnesses whose names had not been furnished previous to the commencement of the examination if the party making the application, is permitted to examine the new witnesses the adverse party previous to the resumption of the examination of witnesses before the examiner, must be allowed to furnish the names of new witnesses on his part and to examine them, to rebut or explain the anticipated testimony, or to support the testimony of his other witnesses. And he must also be permitted to re-examine any of his witnesses already examined, if necessary to rebut or explain the testimony which may be given by the new witnesses. But if he elects to examine new witnesses whose names have not already been furnished, the party who is permitted by the order of the court to examine the witnesses particularly named in his application, should also be at liberty to furnish the names of, and examine other witnesses to explain or rebut the testimony of the new witnesses introduced on the part of his adversary.

The part of the order which is appealed from, reversed and modified, with costs to abide the event.

*Nathan Cobb* v. *Jonathan Goodhue et al.* J. ANTHON, for complainant; J. R. WHITING, for Bell & Brown; J. COIT, for Goodhue & Co. Decree declaring the rights of the parties and adjusting the amount to be apportioned between them, and directing that if the parties consent to an adjustment upon the principles declared, the decree of the assistant vice chancellor to be modified accordingly. But if such stipulation is not filed within thirty days, such further decree to be made as may be necessary. That part of the decree dismissing the bill with costs as to defendants Bell & Brown affirmed with costs.

*Enoch McCammon, adm'r, &c.* v. *Henry Worrall et al.*— H. NICOLL, for complainant; D. LORD, for defendants. So much of the decree of the late assistant vice chancellor as directs the lands of the appellant to be sold to pay the mortgage of the complainant, reversed; so far as respects the rights of the appellant and the respondent McCammon between them-