ALDEN *v.* GIBSON *& a.*

In a bill in equity to compel the application upon the plaintiff's debt of moneys conveyed fraudulently and without consideration, by his debtor to the defendant, it need not be alleged that the plaintiff has suffered damage, excepting such as results from the fraud; or that, but for the fraud, he would have secured the debt; or that he has obtained, or attempted to obtain, a lien upon the moneys; or that there was a conspiracy to delay and hinder creditors.

A bill may be maintained in such case, although the plaintiff has a remedy at law.

The facts are sufficiently stated in the opinion of the court.

*Batchelder & Faulkner,* for the plaintiff.

*A. F. Stevens, C. H. Burns,* and *L. F. Burbank,* for the defendants.

CARPENTER, J. The material averments of the bill are, that on the 20th day of September, 1875, the defendant Ruel Gibson was indebted to the plaintiff in the sum of $1,000, and was possessed of $1,940 in cash, and of no other property; that on that day Ruel delivered to the defendant Francis Gibson, in consideration of or in exchange for a promissory note, payable to Francis and endorsed by him without recourse, and known by both of them to be worthless, for the purpose, on the part of both defendants, of preventing the plaintiff from collecting her debt;—in substance, that for the purpose of defrauding the plaintiff, Ruel gave all his property to Francis, who accepted the same as a gift; that in 1878, the plaintiff recovered judgment against Ruel for the debt and costs, which she has been unable to collect, and which is wholly unsatisfied; that the defendants fraudulently concealed the acts complained of, so that they did not come to the knowledge of the plaintiff until about six months prior to the filing of the bill. The plaintiff prays

that Francis may be required to pay her debt, and for general relief. The defendants demur.

The bill makes a case within the statute (G. L., c. 209, s. 3), which provides that "when any estate, property, interest, right, or credit, legal or equitable, of a debtor against whom execution has been issued and returned unsatisfied, is alleged to be so holden that it cannot be reached to be taken on the execution by levy or by suit on the judgment,—that it has been conveyed by him in fraud of his creditors, or is held by others for his use,—proceedings in equity may be had for a discovery and for relief, and the court shall make proper decrees and orders and issue proper process to compel a discovery, to prevent the transfer of such estate, property, interest, right, or credit, and to make application of so much thereof as in justice ought to be so applied in satisfaction of the debt." It would lie, however, independent of the statute, upon general principles of equity. The statute is merely an affirmance of the common law of chancery. *Bay State Iron Company* v. *Goodall*, 39 N. H. 223.

The first cause of demurrer assigned is, that "the acts of Francis complained of, even if done in pursuance of an unlawful intent, are no ground of action, as no actual damage is alleged to have ensued." Although it is not in so many words stated in the bill, it follows necessarily, from the facts which are stated, that the defendants' acts did hinder and delay the plaintiff in the collection of her debt. No damage need be alleged except such as results from the existence of the plaintiff's debt, and the fraudulent acts of the defendants to prevent its satisfaction.

The second cause assigned is, that "it does not appear that if the property alleged to have been exchanged November 20, 1875, had not passed to Francis, the plaintiff would have secured her debt." But no such allegation is necessary: the fact, if it be one, that the plaintiff could not have reached the property in question but for the fraudulent transfer, affords no reason for not applying it upon her debt now that it can be reached.

The third cause stated is, that "the plaintiff's remedy, if she has any, is at law, and not in equity." But by the common law of equity, as well as by the statute, this bill can be maintained, although the plaintiff may also have a remedy at law.

The fourth cause, that "the bill discloses laches upon the plaintiff's part," raises no question of law. The bill alleges that the defendants fraudulently concealed the acts complained of, so that they did not come to the plaintiff's knowledge until some six months before the filing of the bill. The court cannot say, as matter of law, that a delay of six months was unreasonable. Whether there was or was not unreasonable delay in instituting the suit is a question of fact. *Railroad Co.* v. *Elliot*, 52 N. H. 400.

The fifth and sixth causes of demurrer are, that "the bill does not allege that the plaintiff had or attempted to get a lien upon the

property," nor " that there was any collusion or conspiracy to delay or hinder the defendants' creditors." No such allegations are requisite.

*Demurrer overruled.*

STANLEY, J., did not sit: the others concurred.