## HAVERHILL IRON WORKS *v.* HALE.

A bill in equity may be inserted as a declaration in a writ of summons, and may be served upon the defendant by giving him a duly attested copy of the writ and declaration.

IN EQUITY.   The bill was inserted in the place of a declaration in a writ of summons and attachment.   The officer's return of service is that he "summoned the within named William Hale, as within commanded, by this day giving to him an attested copy of this writ and complaint."   The defendant, appearing specially, moves that the bill be dismissed for want of legal service.

*Frink & Batchelder*, for the defendant.

*S. C. Eastman*, for the plaintiffs.

DOE, C. J. The unexecuted order to attach property was harmless. *Sanderson* v. *Taylor*, 64 N. H. 97. "In any case brought in any court, process may be served and notice given by duly attested copy." Laws 1883, *c.* 22. When a bill in equity is filed in the clerk's office, he may issue a subpœna or order of notice (Equity Rules 11 and 13); and when a plaintiff elects that course, his suit is not commenced until his bill is filed. *Clark* v. *Slayton*, 63 N. H. 402. But there is no rule or statute prohibiting his use of the best inventible procedure. *Boody* v. *Watson*, 64 N. H. 162, 171, 172, 173, 179, and authorities there cited. If the defendant had failed to enter his appearance because he did not look for the action on the equity docket, he would have been relieved upon his showing a case of accident, mistake, or misfortune (G. L., *c.* 234, *s.* 1); but the possibility of his not looking for the action in the docket in which it ought to be entered does not deprive the plaintiff of the right to employ convenient process. The nature of the action was not affected by the form of the notice. The summoning paper might be an order of notice, a writ of subpœna, or a writ of summons. Whichever form is used, the distinction between law and equity is fully maintained. The declaration, of which the defendant received a copy, shows that the suit which he was notified to defend was a suit in equity. A writ of summons containing a bill in equity inserted as a declaration may often be more convenient than a writ of supœna, or an order of notice, obtained from the clerk after the bill is filed; and no inconvenience has been suggested that ought to exclude so appropriate and desirable a process.

*Motion denied.*

CARPENTER, J., did not sit: the others concurred.