SLEEPER & a., Ex'rs, v. KELLEY.

A gift by will to one who owes the testator more than the legacy, a portion
of the indebtedness being secured and the remainder not secured, shows
an intention that the whole shall be paid; and to carry that intention
into effect, equity will apply the legacy first to the unsecured portion of
the debt.

WRIT OF ENTRY, to foreclose a mortgage given by the defend-
ant to the plaintiffs' testator, James Crawford, to secure a note
dated January 1, 1872, for $2,175, upon which there was due at
his decease over $4,000. Crawford, by his will, gave the defend-
ant a legacy of $4,000, and died June 27, 1884. At the time of
his decease he held several unsecured notes, amounting to nearly
$500, against the defendant, which are now in the hands of the
plaintiffs as executors. The defendant claims, and about Decem-
ber 4, 1886, gave the plaintiffs notice in writing of his claim, to
have the legacy applied first upon the mortgage note in discharge
of the mortgage, and the balance, if any, upon the unsecured
notes.

*K. E. Dearborn* and *Chase & Streeter*, for the plaintiffs.

*Fling & Chase*, for the defendant.

CARPENTER, J. It is not a question of the application of pay-
ments, but of the testator's intention—What of his demands against
the defendant did he intend should be satisfied by his gift? It
must be presumed that he knew the amount and character of the
debts due to him. If the legacy was equal to or greater than the
defendant's indebtedness, the testator's intention that the defend-
ant should pay nothing would be certain. Inasmuch as the legacy
is insufficient to satisfy the whole amount of the testator's
demands, his intention that the defendant should pay the remain-
der is equally certain. In order that this intention may be effect-
uated, equity will apply the legacy first in satisfaction of the
defendant's unsecured indebtedness. *Courtenay* v. *Williams*, 3
Hare 539, 553, 554; *Poole* v. *Poole*, L. R. 7 Ch. 17; *Cummings* v.
*Bramhall*, 120 Mass. 552.

The plaintiffs may amend their pleading by filing a bill in
equity (*Metcalf* v. *Gilmore*, 59 N. H. 417), rendering it unneces-
sary to determine whether the same result may be reached in the
action at law. *Mahurin* v. *Pearson*, 8 N. H. 539, 542; *Concord* v.
*Pillsbury*, 33 N. H. 310, 317.

										*Case discharged.*

CLARK, J., did not sit: the others concurred.