HOLMAN v. MANNING & Trs.

Judicial proceedings conducted according to the law and settled practice of this state are not forbidden by the fourteenth amendment of the constitution of the United States.

At the October trial term, 1889, the defendant appeared and moved for judgment, because the procedure, by amending the plaintiff's declaration in the action at law by filing a bill in chancery in and as amendment thereof, is not due process of law within the meaning of *art.* 1 of the fourteenth amendment to the federal constitution. Also, that the trustees be discharged, because the plaintiff having a decree in equity against the defendant, the action at law was dead. Also, because the trustees were charged upon disclosure taken without notice to the defendant, which is not due process of law within the meaning of *art.* 1 of the fourteenth amendment to the federal constitution.

The defendant's motion was denied, and he excepted, and filed this bill of exceptions, which was allowed.

*F. W. Hackett* and *Frink & Batchelder*, for the plaintiff.

*S. W. Emery* and *J. F. Manning* (of Massachusetts), for the defendant.

CLARK, J. "Due process of law" generally implies and includes regular allegations, opportunity to answer, and a trial according to some settled course of proceeding. *Murray's Lessee* v. *Hoboken L. & I. Co.*, 18 How. 272, 280. "The states, so far as the fourteenth amendment is concerned, are left to regulate trials in their own courts in their own way. A trial by jury in suits at common-law pending in the state courts is not, therefore, a privilege or immunity of national citizenship, which the states are forbidden by the fourteenth amendment to abridge. A state cannot deprive a person of his property without due process of law; but this does not necessarily imply that all trials in the state courts affecting the property of persons must be by jury. This requirement of the constitution is met if the trial is had according to the settled course of judicial proceedings." *Walker* v. *Sauvinet*, 92 U. S. 90, 92.

The record shows the proceedings in this case to have been according to the settled course of judicial proceedings in this state. According to our practice, amendments may be made at any stage of the proceedings if justice requires. *Morse* v. *Whitcher*, 64 N. H. 591. A declaration at law may be filed as an amendment to a bill in equity, or a bill in equity in amendment of a suit at law. *Metcalf* v. *Gilmore*, 59 N. H. 417; *Walker* v. *Walker*, 63 N. H. 321, 326; *Brooks* v. *Howison*, 63 N. H. 382; *Owen* v. *Weston*, 63 N. H. 599; *Tasker* v. *Lord*, 64 N. H. 279. Justice may require the prosecution of an action at law and a bill in equity at the same time, and this may be done. *Brooks* v. *Howison*, 63 N. H. 382, 389; *Rutherford* v. *Whitcher*, 60 N. H. 110; *Blake* v. *Adams*, 64 N. H. 86. The court at the trial term may determine the order of trial. *Bemis* v. *Morey*, 62 N. H. 511; *Clough* v. *Fellows*, 63 N. H. 133; *Pearson* v. *Railroad*, 63 N. H. 534; *Dole* v. *Pike*, 64 N. H. 22. The amendment did not extinguish the action.

The defendant was not entitled to notice of the taking of the trustees' deposition. *Jones* v. *Roberts & Tr.*, 60 N. H. 216; *Morrison* v. *Barker & Tr.*, 50 N. H. 529.

*Exceptions overruled.*

BINGHAM, J., did not sit: the others concurred.