Strafford, }
June, 1896. }

JENNESS v. JONES.

Independent admissions made in the course of negotiations for the compromise of a dispute may be shown in evidence.

The question whether such admissions were made may properly be submitted to the jury, with instructions that if they were not made, testimony concerning the attempted compromise should not be permitted to influence them.

TRESPASS, *quare clausum.* The plaintiff introduced testimony, subject to the defendant's exception, tending to show that the defendant made certain admissions in favor of the plaintiff in an interview had upon the premises after the action was brought for the purpose of settling the controversy and avoiding litigation. The defendant denied that he made the admissions. The jury were instructed (without exception), in substance, that if, in the course of negotiations for a compromise, the defendant made statements of fact in the nature of admissions they would be competent evidence; but if he did not make any of the statements claimed to be admissions, the testimony concerning the interview would be incompetent and should not influence them in the least in forming their verdict.

The plaintiff was permitted to amend the writ by adding a count alleging that the defendant's acts were malicious, and terrified the plaintiff and injured her feelings. Testimony was introduced by the plaintiff tending to sustain these allegations; and the jury were instructed that if they found for the plaintiff, and that she was frightened and shocked by the defendant's malicious acts, she was entitled to compensation for such injury in addition to compensation for injury to the real estate. The jury returned a verdict for the plaintiff, assessing damages "in the sum of $25—injury to the plaintiff's feelings, $70.38." In reply to an inquiry by the court before they separated, they said the $25 was compensation for the injury to the land and the $70.38 was compensation for the plaintiff's fright and mental shock. The court thereupon directed the foreman to sign a general verdict for $95.38, which he did. The defendant's counsel were not present when this was done. No exception was taken by the defendant to any of the matters stated in this paragraph until several days afterward. The defendant moves to set aside the verdict for alleged errors herein stated.

*Worcester, Gafney & Snow,* for the plaintiff.

*Samuel S. Parker* and *James A. Edgerly,* for the defendant.

PARSONS, J. Whether justice required the allowance of the amendment adding an additional count to the declaration was a question of fact determinable at the trial term. *Morgan* v. *Joyce*, 66 N. H. 476; *Broadhurst* v. *Morgan*, 66 N. H. 480; *Gage* v. *Gage*, 66 N. H. 282, 292. The exception to the evidence admitted cannot be sustained. The rule is strictly held in this state that an offer to compromise is not to be shown on account of the tendency such a practice would have to discourage the settlement of disputes. But it is at the same time held with equal clearness that any independent admission, though made in the course of negotiations for a compromise, may be shown. *Colburn* v. *Groton*, 66 N. H. 151, 156, citing: *Plummer* v. *Currier*, 52 N. H. 287, 296; *Harrington* v. *Lincoln*, 4 Gray 563, 567; *Durgin* v. *Somers*, 117 Mass. 55, 61; *Draper* v. *Hatfield*, 124 Mass. 53, 56; *Evans* v. *Smith*, 5 T. B. Mon. 363.

The only question in the present case appears to have been whether the statement to the evidence of which exception is taken was in fact made. It does not seem that there was any claim that the statement was made or intended as part of an offer of compromise, or was other than an independent admission, though made in the course of negotiations for compromise. The defendant's contention was that he did not make the statement at all, not that he made it under cover of an offer of compromise. The dispute upon this point was properly submitted to the jury under instructions to which there is no exception, and the jury were distinctly told, in substance, that the fact of the attempted compromise was not evidence which should influence them. If the facts were otherwise, and there had been dispute whether the statement of which evidence was introduced had been made as an independent admission of fact in the course of negotiations for settlement or was made as part of an offer of compromise, in the one case it would have been admissible, in the other, not. If, upon the evidence, it had been doubtful whether the alleged admission was intended as an independent statement of fact or not, the evidence might properly have been submitted to the jury with instructions to "ascertain the meaning of the party making it, and . . . inquire and consider what were the views and intention of the defendant in making it; that if, viewing it in this way, they should find that it was intended by him as an admission of a fact, then it is to be considered by them as evidence; otherwise they will lay it out of the case." *Colburn* v. *Groton*, 66 N. H. 151, 158; *Bartlett* v. *Hoyt*, 33 N. H. 151, 154, 165, 166; *Field* v. *Tenney*, 47 N. H. 513, 515, 521; *Hall* v. *Brown*, 58 N. H. 93, 94, 98; *Carr* v. *Ashland*, 62 N. H. 665, 668. But the question of fact upon which, in such case, the competency or otherwise of the evidence depends need not necessarily be submitted to the jury, but may be found by the court in passing upon the compe-

tency of the evidence. *Colburn* v. *Groton, supra.* It is not suggested that in the present case there was any such dispute, or if there were, that there is any ground upon which the finding of fact involved in the ruling of the court admitting the testimony should be set aside as against the evidence. *Colburn* v. *Groton, supra*, 154, 160.

No error appears in the inquiry by the court of the jury, or in the direction of the general verdict (*Dearborn* v. *Newhall*, 63 N. H. 301), even if the exceptions thereto had been seasonably taken as required by the 53d Rule of Court (56 N. H. 590).

*Exceptions overruled.*

CHASE, J., did not sit: the others concurred.