Grafton, }
Dec., 1898. }

## SEARLES *v.* CHURCHILL.

A written instrument will be reformed in equity when it fails to express the intention of the parties in making the contract which it purports to contain; and, to warrant such decree, the mistake alleged must be established as matter of fact by clear and convincing proofs.

In such case, the finding of a referee entitling the plaintiff to a decree of reformation will not be set aside, on the ground that it was improperly reached, because the testimony was conflicting and unsatisfactory, and the evidence of parties in interest was substantially eliminated.

BILL IN EQUITY, for the reformation of the plaintiff's deed to the defendant, conveying through mistake, as is alleged, a tract of land in Bethlehem, containing about ten acres. A referee reported as follows:

There were many witnesses on the one side and the other. Their testimony was unusually conflicting and unsatisfactory, and it is with no little difficulty that the referee arrives at a conclusion on about the only question of fact in the case, viz., Did Mrs. Searles intend to sell and convey to Churchill in this deed, and did Churchill intend to purchase and take conveyance of, the ten-acre tract? On this question of intent I find for the plaintiff that she did not intend to sell and that Churchill did not intend to buy, or suppose he was buying, the ten-acre tract at the time the trade was made, or when the deed was passed. In reaching this conclusion, I have substantially eliminated from the evidence the testimony of about all the parties interested, and have relied largely upon the setting of the case, and of the evidence of the real estate agent making the sale, and of the person who wrote the deed. A decree was ordered for the plaintiff, and the defendant excepted.

*Bingham, Mitchell & Batchellor,* for the plaintiff.

*George H. Bingham* and *James W. Remick,* for the defendant.

PARSONS, J. A written instrument will be reformed in equity when it fails to express the intention which the parties had in making the contract which it purports to contain. *Minot* v. *Tilton,* 64 N. H. 371; *Tilton* v. *Tilton,* 9 N. H. 385; *Busby* v. *Littlefield,* 31 N. H. 193; *Webster* v. *Webster,* 33 N. H. 18, 22, 23; *Kennard* v. *George,* 44 N. H. 440. Whether the writing of which reformation is sought does or does not correctly express the intention of the parties, and what that intention was, if incorrectly

expressed therein, are questions of fact. In the present case, these questions have been heard and determined by a referee, who finds clearly and explicitly in favor of the plaintiff " that she did not intend to sell and that Churchill (the defendant) did not intend to buy, or suppose he was buying, the ten-acre tract at the time the trade was made, or when the deed was passed." Upon this finding of the intention of the parties, if correctly found, the plaintiff's right to a decree reforming her deed to conform to the actual intention of both parties cannot be questioned. The defendant's claim is that the mistake alleged by the plaintiff was not established before the referee with sufficient clearness and certainty to authorize a decree for reformation. To warrant such decree " the mistake must be made out in the most clear and decided manner, and to the entire satisfaction of the court; and especially must the proofs be clear and convincing, when the mistake is denied in the answer." *Tilton* v. *Tilton,* 9 N. H. 385, 392, 393; *Busby* v. *Littlefield,* 31 N. H. 193, 199. The reason of the rule is that " the burden rests upon the moving party of overcoming the strong presumption arising from the terms of a written instrument. If the proofs are doubtful and unsatisfactory, if there is a failure to overcome this presumption by testimony entirely plain and convincing beyond reasonable controversy, the writing will be held to express correctly the intention of the parties." *Howland* v. *Blake,* 97 U. S. 624, 626; *Insurance Co.* v. *Nelson,* 103 U. S. 544, 548; *Lyman* v. *Little,* 15 Vt. 576, 592; *Stockbridge Iron Co.* v. *Hudson Iron Co.,* 107 Mass. 290, 317; *Cole* v. *Brown,* 10 Pai. 525, 534; *Gillespie* v. *Moon,* 2 Johns. Ch. 585, 599, 600; *Lyman* v. *Insurance Co.,* 2 Johns. Ch. 630, 631; 1 Sto. Eq. Jur., *ss.* 152, 157; Bisp. Eq., *ss.* 469, 470. At the hearing before the referee to establish her allegation of mistake, the plaintiff assumed the burden of overcoming by other evidence the weight of the deed itself as evidence against her contention. Whether there was or was not a mistake was the fact tried.

There is no presumption that in the determination of this disputed fact the referee has violated elementary rules. We cannot assume the referee would have made the explicit finding which he has made except by the application of so familiar principles. He must have been satisfied " there was a plain mistake, clearly made out by satisfactory proofs " (1 Sto. Eq. Jur., *s.* 157), or the presumption arising from the written expression of intent would not have been found to have been overbalanced. If he was not so satisfied, his finding is against the weight of the evidence. But the report does not appear to have been attacked on that ground, and cannot be so attacked at the law term. *Dodge* v. *Stickney,* 60 N. H. 461. It is argued, in substance, that the report itself shows the referee's finding was improperly reached. But

the report does not bear such construction. The facts stated by the referee as to the character of the testimony and his difficulty in reaching a conclusion, upon which the defendant relies, do not justify the conclusion that the fact of intention was found by the referee in ignorance or defiance of law, and cannot be construed to mean that his explicit finding was not supported by a preponderance of all the evidence. That the mistake is denied in the answer does not prevent relief. *Tilton* v. *Tilton,* 9 N. H. 385. Hence a conflict of testimony cannot do so. That the referee had difficulty in coming to a conclusion does not invalidate the conclusion which he has reached. The question before him was whether there was "a plain mistake clearly made out." Because in the course of his consideration he hesitated or doubted whether the plaintiff had established her case, it by no means follows that his finding was finally made upon a less degree of certainty than was legally essential to authorize it. The credibility of the witnesses and the weight to be given to their testimony was necessarily for the trier of fact to determine. No legal error results from his elimination from the evidence of "the testimony of about all the parties interested," if he found their testimony "conflicting and unsatisfactory," or from his reliance upon the evidence of presumably indifferent persons with probable special means of knowledge,—the real estate agent making the sale, the scrivener who wrote the deed, and "the setting of the case." As said by *Redfield, J.,* in *Shattuck* v. *Gay,* 45 Vt. 87, 89 : "Equity law requires clear and full proof to warrant the reforming of a contract, and especially a deed. Yet every case of this kind has its own circumstances which give to it a character, and each makes its own impression upon the minds of the court." No ruling of the referee upon the question now sought to be raised is reported, as would have been the case if requested by the defendant (P. S., c. 227, s. 10); and we are bound to conclude such rulings, if any were made, were satisfactory to the defendant.

*Exception overruled.*

BLODGETT, C. J., did not sit : the others concurred.