Hillsborough, }
March 1, 1904. }

FELLOWS v. JUDGE.

A purchaser who rescinds a contract of sale for fraud on the part of the vendor, returns the property, and brings an action for deceit, may amend the writ by adding a count for money had and received, and recover the amount he has paid.

CASE, for deceit in the sale of a cow.  Trial before *Young*, J., at the May term, 1903, of the superior court, and verdict for the plaintiff for $45 and interest from the date of the writ.

To induce the plaintiff to purchase and for the purpose of deceiving her, the defendant, knowing the representation to be false, told the plaintiff the cow was a new milch cow and was giving sixteen quarts of milk a day. The plaintiff believed the representation, and in reliance upon it bought the cow and paid the defendant $45 therefor. Upon discovery of the falsity of the representation, the plaintiff rescinded the trade, returned the cow to the defendant, and demanded the money paid by her. The defendant refused to return the money and sent the cow back to the plaintiff, who immediately notified the defendant that she was keeping her at his expense.

The cow was worth $30 when purchased by the plaintiff; and if the measure of damages is the loss the plaintiff would have suffered if she had sold the cow upon discovery of the fraud, there should be judgment for the plaintiff for $15 and interest.

*Andrews & Andrews*, for the plaintiff.

*Henry N. Hurd*, for the defendant.

PARSONS, C. J. Upon the facts found, the plaintiff, having rescinded the contract of sale, had the right to sue and recover the amount she had paid. *Noyes* v. *Patrick*, 58 N. H. 618; *Manahan* v. *Noyes*, 52 N. H. 232, 237. This is conceded; but it is urged that she cannot recover at all upon the count in deceit, because it is said that action is an affirmance of the contract, and hence to enable the plaintiff to recover at all it must be held as matter of law, contrary to the facts found, that she did not rescind the contract and return the property, but still retains it. But the difficulty cannot be solved by adjusting the facts to the form of action chosen. The legal rights of the parties were settled once for all by the plaintiff's disaffirmance of the contract with knowledge of the facts. *Connihan* v. *Thompson*, 111 Mass. 270, 272. The question presented is whether, upon the rescission of a contract of sale by the purchaser for fraud in the vendor and his refusal to return the price paid after return of the subject of the sale to him, the action of deceit is the proper remedy for the vendee's redress. But the solution of this question would serve no useful purpose. If upon examination it should be found that the proper action is assumpsit, the plaintiff would be permitted to amend. It is not the practice in this jurisdiction, where the parties have had a full and fair trial of the facts, to take time to consider whether the remedy chosen is appropriate. Without consideration of that question, the difficulty is solved by amendment. *Morse* v. *Glover*, 68 N. H. 119, 120; *Peaslee* v. *Dudley*, 63 N. H.

220. The course of the trial would have been no different if the action had been upon the implied promise of the defendant to return the money to which he had no title because of his fraud and the plaintiff's rescission and return of the property. It is not therefore material to inquire whether in an action for deceit in the sale of property the rule of damages is the same where the property is returned to the seller as it is where it is retained by the purchaser (*Noyes* v. *Blodgett*, 58 N. H. 502; *Fisk* v. *Hicks*, 31 N. H. 535, 538; *Nash* v. *Company*, 163 Mass. 574, 581; *Caswell* v. *Coare*, 1 Taunt. 566), or whether after a disaffirmance of the contract the action of deceit is maintainable. 1 Ch. Pl. 140; *Barney* v. *Dewey*, 13 Johns. 224; *Wardell* v. *Fosdick*, 13 Johns. 325, 327. If the contention of the defendant is correct in either particular, the action of deceit was not an appropriate remedy to enforce the plaintiff's right, and its adoption was merely a misconception as to the proper remedy and not an election between inconsistent remedies. *Noyes* v. *Edgerly*, 71 N. H. 500; *Gould* v. *Blodgett*, 61 N. H. 115; *Snow* v. *Alley*, 156 Mass. 193, 195. The plaintiff may amend by adding a count for money had and received, and thereupon there will be

*Judgment on the verdict.*

YOUNG, J., did not sit: the others concurred.