Sullivan,
April 4, 1911.

### CLAREMONT *v.* RAND & a.

Where the intent of a written contract is unmistakable, though not stated in terms, a reformation is unnecessary.

Where taxpayers refuse to pay to a town a guaranteed income on an extension of water mains in accordance with their contract, an action of assumpsit against the signers of the agreement furnishes an adequate remedy and a bill in equity to enforce the contract cannot be maintained.

Whether the plaintiff in a bill in equity to enforce a contract should be permitted to amend by making the proceeding an action in assumpsit is a question determinable by the superior court.

BILL IN EQUITY, to reform and enforce a contract of guaranty. The defendants demurred generally. Transferred from the May term, 1910, of the superior court by *Pike,* J.

In 1905, the plaintiff town "voted to authorize the water commissioners to extend the water mains from Draper's corner, so called, along Maple avenue to and including the Sullivan County Fair Association grounds and Pinehurst, so called, provided the people along the line shall guarantee the water commissioners eight per cent upon the expense of extending the water main." Thereafter the defendants signed the following document: "Having the welfare of the town at heart, we, citizens of Claremont, stockholders of Sullivan County Fair Association, and others, do hereby agree to guarantee the eight per cent required by the town to extend the water main from Draper corner along Maple avenue to the Sullivan County Fair Association grounds and Pinehurst, so called; this guaranty to last only until rental of said main shall pay eight per

cent." This offer was accepted by the town and the extension was made. The annual rental has been less than eight per cent of the cost of the extension, and the defendants refuse to pay the difference. The prayer of the bill is for a decree reforming the contract so that it shall read "eight per cent a year in any one year," and for a decree for the unpaid deficiency.

*Hosea W. Parker* and *Ira G. Colby* (by brief and orally), for the plaintiff.

*Hurd & Kinney* and *Edward E. Leighton* (*Messrs. Kinney* and *Leighton* orally), for the defendants.

PEASLEE, J. The reformation prayed for is not needed. While it is true that the fact the guaranteed rental is an annual one is not stated in terms, yet it is manifestly so intended, and such is the legal interpretation of the language used. *Kendall* v. *Green*, 67 N. H. 557.

No ground is shown upon which the bill can be maintained as a more convenient remedy than a suit in assumpsit against the signers of the agreement. In such a suit the plaintiff will be entitled to a judgment and execution against each defendant for the whole amount due. It is not apparent wherein equity could give a remedy more ample or more efficient. *Davison* v. *Davison*, 71 N. H. 180.

Whether the plaintiff should be permitted to amend by making this proceeding a suit in assumpsit is a matter for the consideration of the superior court.

*Case discharged.*

All concurred.