Coös,
March 6, 1923.

### LEE G. WILSON *v.* WILLIAM McCARROLL & *a.*

When property is subject to execution and a creditor seeks to have a fraudulent conveyance or obstruction to a levy or sale removed, he may, independent of statute, file a bill as soon as he has obtained a specific lien upon the property, whether the lien be obtained by attachment, judgment or the issuing of an execution.

Where such a bill was filed by a creditor before making any attachment, his subsequent attachment may be the basis of an equitable proceeding either by the bill already filed, if not premature, or by a new bill either as an amendment to the suit at law or as a separate proceeding.

A plaintiff may be permitted to amend his bill in equity by adding a count in assumpsit.

Where an amendment of a declaration is merely formal and does not involve a change of the cause of action, the plaintiff's rights under his attachment remain unimpaired as against any intermediate incumbrances or attachments.

CREDITOR'S BILL, to reach assets alleged to have been conveyed by defendant William to defendant Mabel in fraud of the former's creditors, including the plaintiff. Transferred by *Sawyer*, J., from the December term, 1921, upon the plaintiff's exception to an order dismissing the bill. The facts appear in the opinion.

*Sullivan & Daley* (*Mr. Sullivan* orally), for the plaintiff.

*Matthew J. Ryan* and *Warren W. James*, for the defendant.

SNOW, J. The plaintiff's bill avers that the defendant William is indebted to him; that William's only attachable property consists of a tract of land which he had caused to be deeded to Mabel in fraud of his creditors. The prayer of the bill is that the court order judgment against William for the balance due the plaintiff, decree the land to be the property of William, and subject it to the payment of said judgment. The plaintiff had not, prior to the filing of his bill, sought to establish his debt by an action at law, but after filing the bill, he caused the land to be attached under P. S., c. 205, s. 11, to secure the performance of any decree or order which might be entered upon said bill.

The defendants contend that a creditor must show that an execution has been issued and returned unsatisfied before he can invoke the assistance of equity to reach property conveyed by a debtor in fraud of his creditors. In support of their contention, defendants rely upon a statement of the court in *Thompson* v. *Esty*, 69 N. H. 55, 74. The court there was construing the words "fraudulent as to creditors," as used in P. S., c. 201, s. 26, and sought to illustrate by reference to analogous language used in P. S., c. 205, s. 7. Citing and paraphrasing the latter statute, the court said that "upon a creditor's bill . . . it is necessary for him to show that an 'execution has been issued and returned unsatisfied' before he can have the assistance of equitable procedure to reach property 'conveyed by the debtor in fraud of his creditors.' If he does not prove that an unsatisfied execution has been returned, he is not one of the creditors who has been defrauded by the debtor's conveyance, though attended by a 'secret trust.' The conveyance is not fraudulent as to him." The court at this point was dealing solely with the interpretation of the language of the statute (P. S., c. 201, s. 26), and did not have before it, nor assume to pass upon, the question whether the statute was the sole source of the court's equitable jurisdiction upon the subject. In fact, it had been repeatedly held that a creditor's bill in this jurisdiction rests upon general principles of equity independent of this statute, and that the statute did not narrow the powers of the court nor the remedies of the parties already existing prior to its enactment. See Laws 1845, c. 234. *Bay State Iron Co.* v. *Goodall*, 39 N. H. 223, 230, 233; *Treadwell* v.

*Brown*, 44 N. H. 551, 552; *Chase* v. *Searles*, 45 N. H. 511, 513, 516; *Alden* v. *Gibson*, 63 N. H. 12, 13. In this state, when property is subject to execution and a creditor seeks to have a fraudulent conveyance or obstruction to a levy or sale removed, he may, independent of the statute, file a bill as soon as he has obtained a specific lien upon the property, whether the lien be obtained by attachment, judgment or the issuing of an execution. *Tappan* v. *Evans*, 11 N. H. 311, 327; *Stone* v. *Anderson*, 26 N. H. 506, 517; *Hill* v. *McIntire*, 39 N. H. 410, 413; *Treadwell* v. *Brown*, *supra*; *Perham* v. *Company*, 64 N. H. 2, 3; *Bay State Iron Co.* v. *Goodall*, *supra*, 229; *Sheafe* v. *Sheafe*, 40 N. H. 516, 518. In treating an attachment on *mesne* process, as a sufficient basis for invoking such equitable procedure, our practice differs from that in vogue in some other jurisdictions. This is held to be due to the character of the lien acquired by such attachment under our statutes. *Stone* v. *Anderson*, *supra*, 518; *Kittredge* v. *Warren*, 14 N. H. 509, 525, 531; *Chase* v. *Searles*, *supra*, 516.

As the plaintiff was a simple contract creditor and as the property sought to be reached by his bill was subject to levy upon execution, it was necessary, under the doctrine of the foregoing authorities, for the plaintiff, as a basis for invoking the equity powers of the court, to first obtain a specific lien upon said property by attachment in an action at law brought to establish his claim against the debtor. Such appears to have been the invariable practice, based upon the recognized distinction between the common law and equity powers of our courts. An action at law affords the appropriate machinery for the determination of the primary fact of the existence of the debt. The lien secured by attachment brings the attaching party into privity with the property. The jurisdiction of the court of equity attaches by virtue of the lien. Even if such prior lien were not regarded as essential to equitable jurisdiction in such a case, no sufficient reason appears for departing from the usual appropriate and orderly procedure. *Winnipiseogee Paper Co.* v. *Eaton*, 64 N. H. 234, 235; *Concord Mfg. Co.* v. *Robertson*, 66 N. H. 1, 23.

It does not follow, however, that the plaintiff's bill should be dismissed, if, upon consideration, it should appear that the objection to the form or order of procedure can be cured by amendment and that justice would be promoted thereby. As plaintiff's counsel, at the argument, expresses his intention to apply for leave to amend, the plaintiff's right in this respect has been considered. The plaintiff's bill was filed January 13, 1921, and on the same day, a writ

of attachment under P. S., c. 205, s. 11, was issued to secure the performance of any decree or order that might be made in the bill. On the following day, January 14, pursuant to the mandate of said writ, a specific attachment was made of said land, and service was completed upon the defendants January 15. Every essential to the correct procedure appears to have been followed except the order in which the several steps were taken. A copy of the bill was annexed to the attachment writ as a part of the declaration, and contained the substance of a good common-law declaration, viz., that "your complainant at the special instance and request of the said William McCarroll sold and delivered to said defendant . . . a large amount of milk and cream; that on the 18th day of November, 1918, there was due and owing your complainant from the said defendant the sum of one hundred and fifty dollars ($150.00) for milk and cream so sold, which sum has never been paid, though the said defendant . . . has been requested to pay the same." No reason appears from the record why the plaintiff should not, upon motion, be permitted to amend his bill in equity by adding a count in assumpsit. P. S., c. 222, ss. 7, 8; *Trustees of Dartmouth College* v. *Cameron*, 77 N. H. 66, 67; *Claremont* v. *Rand*, 76 N. H. 116, 117; *Sanborn* v. *Railroad*, 76 N. H. 65, 67; *Lund* v. *Bull*, 76 N. H. 132, 135; *Fellows* v. *Judge*, 72 N. H. 466, 467, 468; *State* v. *Company*, 72 N. H. 114; *Davison* v. *Davison*, 71 N. H. 180; *Jenness* v. *Jones*, 68 N. H. 475, 476; *Fowler* v. *Owen*, 68 N. H. 270, 271; *Gage* v. *Gage*, 66 N. H. 282, 293; *Sleeper* v. *Kelley*, 65 N. H. 206; *Holman* v. *Manning*, 65 N. H. 228; *Boody* v. *Watson*, 64 N. H. 162, 172; *Winnipiseogee Paper Co.* v. *Eaton*, supra, 235; *Peaslee* v. *Dudley*, 63 N. H. 220, 221; *Owen* v. *Weston*, 63 N. H. 599, 603. Whether justice requires that the plaintiff be allowed to amend his proceedings is a question of fact for the examination and consideration of the trial court. *LaCoss* v. *Lebanon*, 78 N. H. 413, 417; *Nawn* v. *Railroad*, 77 N. H. 299, 301; *Claremont* v. *Rand*, supra; *Jaques* v. *Chandler*, 73 N. H. 376, 381; *Jenness* v. *Jones*, supra; *Morse* v. *Whitcher*, 64 N. H. 591. As the suggested amendment of the declaration is merely formal, and does not involve a change of the cause of action, the plaintiff's rights under his attachment will remain unimpaired as against intermediate incumbrances or attachments, if any have been made.

Having thus a specific lien by attachment in an action at law, the plaintiff is entitled to the aid of a court of equity to reach the property. If the original bill cannot be maintained for this purpose, because prematurely brought (*Eastman* v. *Batchelder*, 36 N. H. 141,

154), the plaintiff can now file a new bill, either as an amendment to the suit at law or as a separate proceeding. *Haverhill Iron Works* v. *Hale*, 64 N. H. 406, 407; *Brooks* v. *Howison*, 63 N. H. 382, 389; *Holman* v. *Manning, supra*.

As it seems probable that the question reserved will be disposed of in accordance with the foregoing suggestions, it is not deemed necessary to examine plaintiff's claim that, under Laws 1919, *c.* 63, enacted since plaintiff's cause of action accrued, his bill is maintainable without bringing an action at law; and the same has not been considered.

*Case discharged.*

YOUNG, J., was absent: the others concurred.