Hillsborough, }
Jan. 2, 1929. }

ALEXANDRE HOULD *v.* THE MARYLAND CASUALTY COMPANY.

*Frederic E. St. Cyr* (by brief and orally), for the plaintiff.

*O'Connor & Saidel* (*Mr. Saidel* orally), for the defendant.

PEASLEE, C. J.   The decree for reformation is attacked as being unsupported by sufficient evidence.   In furtherance of this claim use is made of the unquestioned rule that in such cases there must be " 'a plain mistake, clearly made out by satisfactory proofs' (1 Sto. Eq. Juris., s. 157)." *Searles* v. *Churchill*, 69 N. H. 530, 531.

If there was evidence from which a finding in favor of the plaintiff could be made under this rule, this objection is untenable.   The facts that the evidence was conflicting and solution of the problem difficult do not bar the relief sought.   *Searles* v. *Churchill, supra.*

The issue was whether the policy should have covered two buildings or only one.   The testimony of the plaintiff and his wife was that the contract was for a policy covering both buildings.   The agent who wrote the policy testified that it was to cover only one.   Certain parts of the policy tended to corroborate the plaintiff's claim.   It is manifest that this evidence was sufficient to call for a finding as to the fact in question.

The claim that the mistake was a unilateral one is based upon the assumption that the agent understood that he was insuring one building only.   This seeks to substitute his testimony for the facts as found by the court.   The conclusive answer to it is the finding made.   Upon sufficient evidence, the court has determined that the agent understood that he was undertaking to insure as to both buildings.   The effect of that finding upon the issues of law presented here is not defeated or lessened because it was reached after a consideration of conflicting testimony.

Another defence made is that the plaintiff negligently failed to read his policy, and that if he had read it he would have known that it covered but one building.   The rule that the insured is bound by the terms inserted in the policy (*Duval* v. *Insurance Co.*, 82 N. H. 543, 553, and cases cited) does not apply to a proceeding for reformation. The only bearing of the alleged fault of the plaintiff is upon the issue of unreasonable delay in bringing the bill.

One reason assigned for the finding that the plaintiff was not negligent is that if he had read the policy it would not have informed him of the error therein.   The policy, when applied to the physical situation of the property, was somewhat conflicting.   While it gave but one street number, it specified a street frontage covering that of

both buildings. This provision, read by the insured in the light of the facts that the parties had agreed orally for insurance of both buildings and that the defendant's agent then measured the whole frontage in the presence of the plaintiff, might well mean, to him, that the policy was inclusive. *Watson* v. *Insurance Co.*, ante, 200.

In addition to this, there was testimony from the defendant's agent that policies did not always state every street number, and that in a binder put on this policy after the accident it was stated that the 75 feet frontage was "already covered." He was unable to explain the discrepancies and testified that "there is something wrong somewhere" with the policies. In view of all the evidence there was no error of law in the conclusion that the plaintiff did not negligently fail to ascertain the company's position in the matter at an earlier date.

It is the rule in this jurisdiction that failure to read a policy which does not conform to the agreement of the parties is not negligence as matter of law. "It cannot be said that Dubray was in fault for relying on the agent's representation or that the ordinary man in his situation would have read the policy to ascertain whether it evidenced the contract he made with the company." *Barrette* v. *Casualty Co.*, 79 N. H. 59, 61.

The defence of laches in prosecuting the plaintiff's claim is disposed of by the facts found. It being established by the conclusions of the presiding justice that the plaintiff neither knew of the defect in the policy, nor was in fault for not knowing of it (*Hathaway* v. *Noble*, 55 N. H. 508), until shortly before this proceeding was commenced, the delay in bringing the bill is satisfactorily accounted for. *White Mountains Railroad* v. *Railroad*, 50 N. H. 50. The issue as to laches is primarily one of fact. *Alden* v. *Gibson*, 63 N. H. 12; *Page Belting Co.* v. *Prince*, 77 N. H. 309; *Barrett* v. *Cady*, 78 N. H. 60. There was no error of law in the finding that the claim was not barred by unreasonable delay in bringing the bill.

The defendant's exception to the denial of its motion "that the verdict be set aside as against the law and the evidence," presents no question of law not already saved by an earlier exception. *Bennett* v. *LaRose*, 82 N. H. 443, and cases cited.

*Exceptions overruled.*

All concurred.