Grafton,
April 7, 1931.

WILLIAM C. STAPLES *v.* DIX & STAPLES COMPANY, INC.

*Roy M. Pickard,* for William C. Staples.

*Scott Sloane,* for other creditors.

SNOW, J.   The ground of the claimant's exception, as disclosed in his formal statement thereof made a part of the record, is that the findings, on which the court's refusal to reopen the commission in his behalf were based, were made *ex parte,* were supported by no evidence

and are contrary to the fact. The exception is, in substance, to the refusal of the court to grant the claimant a hearing on his motion.

The appointment of a receiver does not determine the property rights of the persons interested in the subject-matter of the receivership. Its purpose is to secure and conserve the property for their benefit. *Eastman* v. *Bank*, 58 N. H. 421, 422. Such summary power as the court may have over the receiver as an officer of the court does not extend to his personal rights in the *res*. As respects his individual claims upon the property in the custody of the court, the receiver has the same right to be heard as any other litigant. In so far as his conduct may have affected his right to equitable relief, it is evidence to be weighed like other proofs. In its ascertainment and application, the rules applicable in ordinary judicial proceedings are to be observed. See *Holman* v. *Manning*, 65 N. H. 228, 229. The concealment, negligence and bad faith, made the basis of the order here, involved facts of which the court could not take judicial notice without proof. "The court must try a case, as a jury would be sworn to try it, by the law and the evidence . . . The primary principles . . . of the law forbid the court to act judicially upon any knowledge of the parties except that furnished by the evidence." *Fisher* v. *Railroad*, 50 N. H. 200, 209.

As it appears that no hearing has been had upon the issue presented by the motion to reopen the commission, and that the denial thereof, as respects Staples' claim, was based upon purported "facts" which otherwise came to the attention of the court, the order denying the motion is set aside, and the case is returned for hearing on the motion.

*Order set aside.*

All concurred.