Hillsborough, } No. 3042.
Jan. 3, 1939. }

ANDREW S. STEFANI *v.* MERRIMACK RIVER SAVINGS BANK & *a.*

*Ernest R. D'Amours* and *Emile Lemelin* (*Mr. D'Amours* orally), for the plaintiff.

*McLane, Davis & Carleton* (*Mr. Perkins Bass* orally), for the defendants.

ALLEN, C. J.   That fraud was practiced on the plaintiff is not questioned.   He relies upon the theory of a constructive trust, claiming that "his deposit can be identified as a part of the assets that came into the hands of the Bank Commissioner".   *Emerson* v. *Bank*, 89 N. H. 339.   The facts substantiate the claim.   Final credit for the deposited check not being given by the bank's depositary until after the bank was closed, it was an asset in the hands of the bank at the time of closing.   Hence the deposit could be identified and traced to the final credit for it.

The plaintiff has made out a case of definite identification of a particular item of property which not even purportedly was commingled with the bank's general funds before its conduct of business was enjoined.   The credit given for the check by the depositary upon receiving it was conditional.   Until final credit the check remained an item of the bank on hand.   The depositary said in substance: "We take this check for collection; if it is collected, you will have credit for it as of the day it is taken; but until collection you have no credit for it; all bookkeeping entries are made upon this understanding; a charge against your account for its dishonor is merely to show that credit was not in fact given, since the condition for giving it was not fulfilled: the deposit slip is only a statement of its receipt for collection."   This is the purport of the printed notice endorsed on the slip.   The depositary, defining itself as a collecting agent, denies a purchase.

Whether the savings bank bought the check from the plaintiff or received it for collection, is not material. It had the legal title in either case, and in either case it obtained the title fraudulently. The fraud operated if its title was obtained to enable it to be a collecting agent, and it equally operated if it was a purchaser. Obtaining title either as full owner or as a trustee by fraud, it held property which the depositor might demand be restored to him upon repayment of the amount he had received. The remedy by recovery of property obtained by fraud or by receipt of its identifiable proceeds, upon return of such consideration as was received for it, is here invoked.

The payment of $200 to the depositor when the bank took the check is therefore an inconsequential circumstance. If it were material, it may be pointed out that the bank was protected from a dishonor of the check by the depositor's already outstanding account. His endorsement of the check guaranteed payment by the maker. P. L., c. 312, s. 66. When a depositor's check is acceptable for immediate credit, the distinction between selling a check with a warranty that the maker will honor it and transferring it for collection is at most a technical one which is here indecisive of equities. The depositor being solvent and having credit, his liability as an endorser makes the issue of sale or agency to collect an unserviceable test as a practical matter. The situation, in any bearing here, is the same as though the plaintiff had presented two checks of which one was cashed and the other credited to his deposit account.

Whether the plaintiff's right to relief would be maintained if the proceeds of the check had been received by the bank and finally credited to its account by the depositary before the bank ceased to do business, is not considered. Identification of his deposit is established upon the special facts relating to the payment of the check which constituted the deposit, and it is not thought expedient to pass upon other claimed grounds for preference.

Soon after the bank was closed the plaintiff filed with the liquidating agent a proof of claim for the full amount due him without reference to his right for preference of the part of it he was fraudulently induced to deposit. The defendants take the position that he thereby made an election between inconsistent remedies and hence is barred from the relief now sought. This position is too void of merit to require discussion. The authority of the case of *Gehlen* v. *Patterson*, 83 N. H. 328 is decisive against it.

The defendants also assert laches on the plaintiff's part in not bringing his suit until a lapse of over four years after the closing of

the bank. No argument is made that the liquidating agent has so far disposed of the bank's assets and distributed their proceeds that he has insufficient funds to meet the liability, and no facts are asserted as ground to make the grant of relief inequitable on account of the delay. The statute of limitations therefore governs. *Wentworth* v. *Wentworth,* 75 N. H. 547, 550; *Barrett* v. *Cady,* 78 N. H. 60, 65.

*Decree for plaintiff.*

BRANCH, J., was absent: the others concurred.