Rockingham,
No. 5107.

R. C. HAZELTON CO.

*v.*

SOUTHWICK CONSTRUCTION CO.

Argued June 4, 1963.
Decided July 9, 1963.

*Manning & Sullivan* (*Mr. James A. Manning* orally), for the plaintiff.

*John L. Southwick, Jr.*, attorney in fact (by brief and orally), for the defendant.

Duncan, J. This action arises out of sale on October 22, 1958 by the plaintiff to the defendant of a new TD-9 International Crawler-Tractor, equipped with a 9D-4 hydraulic bulldozer at a price of $13,817. The unpaid balance of the purchase price was evidenced by the defendant's note in the sum of $12,160 payable in seventeen monthly installments of $676 each and a final installment of $668 commencing November 30, 1958, and excepting January, February and March. The note was endorsed to The First National Bank of Derry. It was secured by a duly recorded chattel mortgage of even date which was assigned to the bank.

The first payment due November 30, 1958 was defaulted but was paid by the defendant on January 23, 1959. The next four installments were also paid by the defendant after their due dates, the June 1959 installment having been paid on August 31, 1959.

On October 13, 1959, after credits of $3,380 by reason of payments by the defendant, the note and mortgage were re-assigned to the plaintiff, the unpaid balance then being $8,780. The tractor was replevied on November 13, 1959.

On pre-trial the defendant denied signature of the mortgage and claimed fraud and misrepresentation in that "the defendant's agent was unaware that he was signing a note and mortgage but it was represented to him that he was signing nothing but a drop-off slip." The evidence at the trial related to this issue and the verdict of the jury decided it in the plaintiff's favor.

On the second day of the trial the defendant's motion to amend

its answer to allege a breach by the plaintiff of certain warranties as to equipment and service on the tractor was denied subject to exception. The defendant points out that the pre-trial order stated: "The defendant says that it committed no breach and that the first breach was committed by the plaintiff." However no claim for damages by reason of any breach of warranty was pleaded or alleged by the defendant in advance of trial (*cf. Vernon Corp.* v. *Granite &c. Co.*, 93 N. H. 315) and such a claim would not constitute a defense to the plaintiff's action unless it were sufficient to extinguish the debt and hence the plaintiff's right to possession. See Annot. 151 A.L.R. 519. The denial of the defendant's motion to amend its answer for the purpose of presenting such a claim after most of the plaintiff's case had been proved was within the discretion of the Trial Court. RSA 514:9. See *LePage* v. *Company*, 97 N. H. 46. The defendant's exception is overruled.

The defendant asserts that it sought to "put into evidence" paragraph 12 of the pre-trial order which stated: "One question of law is that the defendant says the action has been brought in the wrong county." *Sleeper* v. *Osgood*, 50 N. H. 331. It is not disputed that this issue was presented by motion in advance of trial, and that a change in venue from Hillsborough to Rockingham County was ordered. RSA 507:11.

Evidence offered by the defendant with respect to the extent of the use which it made of the tractor before the replevy was excluded subject to exception. The record shows the agreement of the parties that in the event the issue of the plaintiff's right to possession should be determined in favor of the defendant, the defendant would thereafter be entitled to assessment of the damages caused it by replevy. See RSA 536:6. *Canney* v. *Emerson*, 82 N. H. 487. Moreover, since the verdict of the jury was in favor of the plaintiff, the defendant is not entitled to judgment for the return of the tractor or for its value so it has suffered no prejudice from the exclusion. Its exception is accordingly overruled. See *Am. Steel Company* v. *Wooster*, 95 N. H. 179; *Derry Loan &c. Co.* v. *Falconer*, 84 N. H. 450, 454.

The defendant excepted to a ruling admitting in evidence certain records offered by the plaintiff for the purpose of showing that the defendant's treasurer was familiar with chattel mortgages. The defendant's only argument in support of this exception is based upon the fact that the records were produced in response to a subpoena issued by plaintiff's counsel as justice of the peace. The

action of plaintiff's counsel in issuing the subpoenas was authorized by statute. RSA 516:3. The contention is without merit.

The defendant sought to introduce evidence concerning the whereabouts of the tractor at the time of trial, which was excluded subject to exception. This ruling was proper. "What the plaintiff does with the property after its delivery to him has nothing to do with his cause of action." *Derry Loan &c. Co.* v. *Falconer,* 84 N. H. 450, *supra,* 452. The question to which the evidence related was immaterial to the issue on trial. *Putnam* v. *Osgood,* 52 N. H. 148.

The argument of plaintiff's counsel to which exception was taken was a fair evaluation of the evidence and was properly permitted to stand. The defendant did not except to other argument referred to before us, and hence no issue regarding it is presented. *Bourget* v. *Company,* 98 N. H. 237. Other exceptions by the defendant which appear in the record have been reviewed and are considered to present no error.

*Exceptions overruled.*

All concurred.