Strafford
No. 7691

BETTY PHINNEY

v.

HERBERT R. LEVINE

December 2, 1977

ON MOTION FOR REHEARING: Following the filing of an opinion in this case, the plaintiff moved for rehearing. The previous opinion is withdrawn, and this opinion is substituted therefor.

*Shaw & Gile,* of Exeter (*Mr. Norman C. Gile* orally), for the plaintiff.

*Hartnett Professional Association,* of Dover (*Mr. Anthony S. Hartnett* orally), for the defendant.

PER CURIAM. The issue in this case is whether the superior court abused its discretion in denying the defendant the opportunity to amend his pleadings to seek affirmative relief. We hold that the superior court acted within its discretion.

In 1973, plaintiff brought a bill in equity to secure discharge, pursuant to RSA 479:10, of a mortgage and note executed in 1965 by the plaintiff and her husband, George Phinney. The mortgage and note merely secured the performance of a contract for construction of a house for the defendant and his wife, Ruth R. Levine, by George Phinney, Inc., a New Hampshire corporation. Although notice of completion had never been submitted to the defendant, George Phinney did no work under the contract after 1965. In 1967 the corporation, George Phinney, Inc., was dissolved; in March 1973, George Phinney was killed in an aircraft accident. Mrs. Phinney filed the petition for discharge of the mortgage after Mr. Phinney's death. She contended that because Mr. Levine had not sued on any claim arising from the construction of the house before the statute of limitations on the underlying construction contract had run, he was barred from opposing discharge of the mortgage. In ruling on the limitations question this court noted that although "[i]n some jurisdictions the remedy on the mortgage is barred when the statute of limitations runs on the principal obligation . . . in the majority of jurisdictions the creditor's rights under the mortgage are not affected by the statute of limitations governing the mortgage debt." *Phinney v. Levine,* 116 N.H. 379, 380, 359 A.2d 636, 637 (1976). Thus, because mortgage proceedings are governed by a twenty-year limitations period, RSA 508:2, the plaintiff was not permitted to rely on the running of the six-year

period for contract actions, RSA 508:4, in bringing her discharge petition.

On remand the defendant filed motions to join Ruth Levine as a party defendant, to supplement his pleadings and to amend his declaration. The motions to supplement and amend sought affirmative relief on the contract, note, and mortgage. After argument by counsel on the applicable law, the Court (*Cann*, J.) denied all three motions; the defendant seasonably excepted. The court also denied the defendant's motion for rehearing, subject to the defendant's exceptions. All exceptions were transferred.

 The trial court has discretion to deny motions to amend. *Hazelton v. Southwick*, 105 N.H. 25, 192 A.2d 610 (1963); *Town of Claremont v. Rand*, 76 N.H. 116, 79 A. 689 (1911); RSA 514:9. Such rulings are subject to review only for abuse of that discretion. *Eichel v. Payeur*, 107 N.H. 194, 219 A.2d 287 (1966); *Community Oil Co. v. Welch*, 105 N.H. 320, 199 A.2d 107 (1964). The propriety of the trial court's denial of Mr. Levine's motions is not determined by our previous ruling on Mrs. Phinney's petition for a mortgage discharge. We held that she was not permitted to rely on the limitations period governing contract actions. But if a discharge is so prohibited a foreclosure is not mandated. We referred to RSA 508:6, which provides: "Actions upon notes secured by mortgage of real estate may be brought so long as the plaintiff is entitled to bring an action upon the mortgage." That opinion did not consider whether Mr. Levine is entitled to bring such an action.

We can identify at least two factors upon which the court could have based its decision to preclude Mr. Levine from seeking affirmative relief. First, according to Superior Court Rule 33 (1977), RSA ch. 491 App. R. 31 (Supp. 1975), "[n]o set-off, counterclaim, or recoupment shall be filed after thirty days from the entry of the action, except by leave of Court . . . ." Mrs. Phinney's petition for discharge was filed in 1973; Mr. Levine's motions, which were in the nature of a counterclaim for recovery on the contract and a mortgage foreclosure, were filed in June 1976, clearly beyond the thirty days.

 Second, RSA 515:8 provides that: "No debt or demand shall be set off . . . unless a right of action existed thereon at the beginning of the plaintiff's action." The statutory requirements for set-off are applicable to counterclaims. *Varney v. General Enolam, Inc.*, 109 N.H. 514, 257 A.2d 11 (1969). Mr. Levine may counter-

claim only if he could have maintained a separate action on that claim when Mrs. Phinney brought her petition. *Petition of Keyser,* 98 N.H. 198, 96 A.2d 551 (1953); *Derry Loan & Discount Co. v. Falconer,* 84 N.H. 450, 152 A. 427 (1930). Mr. Levine's counterclaim arising from the construction contract is subject to the six-year limitations period. He is thus barred from bringing a counterclaim or a separate action on his contract claim concerning construction of the house.

■■ Mr. Levine also could not and cannot successfully bring a separate action to foreclose on the mortgage. A mortgagee's right to foreclose on a mortgage is a right to equitable relief, RSA 498:1 (Supp. 1975); D. Dobbs, Remedies § 2.3, at 30 (1973); G. Osborne, Mortgages §§ 10,314, at 657 (2d ed. 1970), and as such is subject to the equitable defense of laches. *See Valhouli v. Coulouras,* 101 N.H. 320, 142 A.2d 711 (1958); *Stefani v. Merrimack River Sav. Bank,* 90 N.H. 10, 12–13, 3 A.2d 645, 647 (1939). In the instant case, defendant's delay in foreclosing on the mortgage constitutes laches barring any rights under the mortgage. *See Barrett v. Cady,* 78 N.H. 60, 65, 96 A. 325, 328 (1915).

■ We also hold that under the unique facts of this case, plaintiff may amend her pleadings to plead laches affirmatively in order to secure discharge of the mortgage.

■ Since "[a]ctions upon notes secured by mortgage of real estate may be brought so long as the plaintiff is entitled to bring an action upon the mortgage," RSA 508:6, defendant is also barred from seeking relief under the note secured by the mortgage in this case. Plaintiff may amend her pleadings to secure discharge of the note obligation.

We remand so that plaintiff may amend her pleadings to conform with this opinion. Upon filing of amended pleadings the superior court shall discharge the note and mortgage.

*Defendant's exceptions overruled;*
*remanded.*

LAMPRON, J., did not participate in the decision of this case; the others concurred.