### IN THE

## SUPERIOR COURT OF JUDICATURE.

#### FOR THE

## COUNTY OF CHESHIRE,

### JULY TERM, A. D. 1834.

―――――――――

## J. CHANDLER *versus* F. C. DREW.

In a suit, upon a negotiable promissory note in the name of the endorsee to whom it has been, *bona fide* and for a valuable consideration, transferred, a demand in favor of the maker against the endorser, is not admissible as a set-off, although the note may have been a discredited note, when the endorsee took it.

ASSUMPSIT on a note for $27,27, made by the defendant, dated October 21, 1831, payable to one T. Chandler, or order, and by him endorsed to the plaintiff.

Upon the trial of the cause at October term, 1833, it appeared, that the defendant made the note, and that it was endorsed to the plaintiff for a valuable consideration

on the 15th March 1832. It further appeared, that at the time the note was endorsed to the plaintiff, T. Chandler, the endorser was indebted to the defendant on an account in a larger sum than the amount of the note.— The defendant, having given notice that he should avail himself of this account, as a set-off in this case, was permitted so to do, and obtained a verdict.

The plaintiff moved for a new trial, on the ground that the account could not be legally admitted as a set-off in this case.

*Vose*, for the plaintiff.

*Chamberlain*, for the defendant.

RICHARDSON, C. J. delivered the opinion of the court.*

At the common law there was no set-off of the unconnected mutual demands and debts between the parties in an action. Each party had his action to enforce the payment of his claims against the other. The law of set-off, before judgment, is regulated entirely by statute. When the mutual claims of parties have passed into judgments, it is the practice of courts to set-off one judgment against another. This practice does not rest upon any statute, but upon the general jurisdiction of courts over the suitors in them. It is an equitable jurisdiction, frequently exercised. 4 D. & E. 123, *Mitchell* v. *Oldfield* ; 4 Bingham, 423, *Bourne* v. *Bennett* ; 8 Pickering, 342, *Barrett* v. *Barrett* ; 14 Johns. 63, *Simpson* v. *Hart* ; 3 East. 149 ; 1 M. & S. 240.

Our statute of February 8, 1791, provides, that where there are mutual debts or demands between the plaintiff and defendant, one debt or demand may be set against the other. This statute, which is a transcript of the English statute, with very slight alterations, and is, in substance, the same as the statutes of New York and Massachusetts, is a very beneficial law ; is in its nature reme-

---

*Parker J. having been of counsel did not sit.

dial, and has always received a very liberal construction.

The statute speaks of mutual debts between the *plaintiff* and *defendant*. But this has been construed to mean the *real,* and not merely *the nominal* plaintiff and defendant.

Thus, if the payee of a note bring a suit in the name of an endorsee, but for his own benefit, the payee is considered as the plaintiff, within the meaning of the statute. 6 N. H. Rep. 28 ; 4 Greenleaf, 415, *Moody* v. *Towle* ; 4 B. & C. 547, *Carr* v. *Hinchcliff* ; 3 Johns. 263, *Ruggles* v. *Keeler* ; 13 Johns. 9, *Caines* v. *Brisban* ; 10 ditto, 45 and 396 ; 2 Chitty's Rep. 387, *Jarvis* v. *Chapple.*

It has been held, that equitable debts or demands are within the meaning of the statute. Thus a bond assigned to the defendant, although such assignment gives to the assignee no legal right of action in his own name, is a good set-off. 3 Binney, 135, *Murray* v. *Williamson* ; 8 Johns. 152, *Tuttle* v. *Beebee.*

Where a factor, dealing for a principal, but concealing the principal, delivers goods in his own name, the person dealing with him has a right to consider him the principal, and may set-off any claim he has against the factor in an action brought by the principal. 7 D. & E. 360, *Rabone* v. *Williams* and *George* v. *Claggett.* The law is otherwise, in the case of a broker. 2 B. & A. 137, *Barring* v. *Corrie.*

The distinction is grounded upon the circumstance, that a factor has a right to sell in his own name, but a broker in so doing exceeds his authority.

Where one of a firm appears to the world to be the only person engaged in the business, and to be solely interested, if he sell goods, the purchaser may avail himself of any claim he has against such person, in answer to an action in the name of the firm. 7 D. & E. 361, note.

Where a bond is taken in the name of one person, for the use of another, a set-off of claims against the person for

whose use the bond was given is admissible, in a suit on the bond. *Bottins* v. *Brooks*, cited 1 D. & E. 621.

But in an action against two persons, their several demands against the plaintiff are not admissible as a set-off either in a court of law or equity. 4 N. H. Rep. 236 ; 6 ditto, 28 ; 11 Johns. 70 ; 4 Johns. C. Rep. 11 ; 3 ditto, 351 ; 2 Merrivale, 121—122.

It thus appears that while courts have adhered strictly to the rule prescribed by the statute, they have been very liberal in the application of it, and have looked beyond the parties upon the record, to the real parties, and have applied the rule accordingly.

When the mutual demands between the parties upon the record are not in their nature assignable at law, the circumstance, that a third person has acquired an interest in the demand of the plaintiff, will not in general, preclude a set-off of the defendant's claims against the plaintiff. 3 N. H. Rep. 539, *Sanborn* v. *Little.* The reason of this is, that in such a case, it is just and reasonable that the assignee should stand in the place of the assignor.

We were at first inclined to think that the endorsee of a discredited note might be considered as standing in the place of the endorser, so as to admit a set-off of claims against the endorser. But, there is an important difference between demands which are negotiable, and those which are not so. In the one case, the defendant has, by his contract, made the legal title assignable, and has agreed to pay to any one who may have the legal title. In the other case, he has made no such contract. When a note is negotiable, it may be assigned, and the legal title pass to the assignee, whether it is discredited or not, and whether the maker has a set-off against the payee or not. When a discredited note has been in reality assigned for a valuable consideration, the debt is due to the assignee. And in a suit upon the note, in the name of the endorsee against the maker, the endorsee and the maker are the real, as well as the nominal, parties. And

the endorsee cannot be considered as standing in the place of the endorser, unless the note can be considered as still due to the endorser ; or the endorsee, by taking the discredited note, as having made the set-off his own debt ; either of which is repugnant to common sense.

It would, therefore, seem that the set-off, in this case, was not admissible ; because the demands of the plaintiff and the defendant cannot be considered in any point of view, as mutual demands ; and so the claim of the defendant is not within the statute.

There are, however, cases, which are directly in point in favor of the defendant, and which must be examined. These are the cases of *Sargent* v. *Southgate*, 5 Pickering, 312 ; *Ford* v. *Stuart*, 19 Johns. 342, and *O'Callaghan* v. *Sawyer*, 5 Johns. 118.

These decisions are placed entirely on the ground that he who takes a discredited note, takes it subject to all objections and equities, to which it is liable in the hands of the endorser ; and that a set-off is an equity within the meaning of this rule.

It is, without question, a very just and equitable rule, that he who takes a discredited note shall take it subject to any legal or equitable defence, to which it was liable in the hands of any previous holder. But is a set-off a defence within the meaning of this rule ?

Strictly speaking, a set-off is not a defence. When a set-off is made, mutual claims, to an equal amount on each side, become, under the statute, a satisfaction of each other. They operate as a payment of each other. When the claim of the plaintiff is wholly paid by a set-off, the action is at an end, and he may be liable to costs. But his claim has not been defeated by a defence, but has been paid by the extinguishment of claims against him, to an equal amount. And, with the exception of the cases, to which we have just adverted, no case has occurred to us, in which a set-off has ever been considered as a

defence, within the meaning of the rule, on which the decisions, in those cases, rest.

In order to determine whether a set-off be within that rule, we must advert to the statute of set-off, and see what a set-off is, and when it is authorized by the statute. The question is, not whether there should be a set-off in a case like this, but whether there can be one under the statute. This last question does not seem to have been examined or considered, by the courts, either in Massachusetts or New York, in the cases where it was decided that a set-off was admissible, in a case like this.

The statute authorises a set-off of mutual demands between the plaintiff and defendant. All mutual demands, equitable as well as legal, between the real parties to the suit, are within the statute. This is the utmost extent of the rule prescribed by the statute. And from the very nature of it, nothing can be a set-off but a claim against a person whom the defendent has a right to consider the real plaintiff. But in this case the defendant made the note payable to the order of the payee ; and it having been actually transferred to the endorsee, what right has the defendant to consider the endorser as the real plaintiff ? On what reasonable ground can the endorser be so considered, by any person ? We see none.

The circumstance, then, that the account of this defendant is a claim against the endorser, and would be a good set-off, if the endorser were the real plaintiff, renders it inadmissible, under the statute, in this case. From the very nature of a set-off, an account of the maker of a negotiable note against the payee, cannot run with the note and be a defence to it in the hands of any person, to whom it has been legally transferred. The moment the note is actually transferred, the demands must cease to be mutual ; and of course, must cease to be within the statute.

In New York, it is now settled that a set-off is only available in consequence of the statute, and in the man-

ner there pointed out ; that when a defendant cannot place his defence within its provisions, he can derive no benefit from it—and, that a set-off cannot be made of a debt or demand against any one, other than the plaintiff on the record. 6 Cowen, 693, *Johnson* v. *Bridge*.

And in Massachusets, it seems to be considered in *Peabody* v. *Peters*, 5 Pick. 1, that the claim of the defendant in a case like this is not admissible under the statute, as a set-off, and that the only way, in which the defendant can avail himself of a set-off, is as a defence, under the general issue. This is, without doubt, the true view of the subject, if the defendant can avail himself of the set-off, at all, in the suit. But the mistake seems to us to lie, in holding that, what may be a set-off under the statute between the maker and the payee of the note, and can be a set-off only between them, must be a good defence against the note in the hands of an endorsee, who took it after it was discredited, although in such a case the statute does not apply. What makes a set-off admissible ? It is conceded on all sides that it is the statute alone. How, then, there can be a set-off in a case, where the statute does not apply, we are wholly at a loss to conceive.

There is no sound reason why there should be a set-off in cases of this kind. It is true that [there may be cases of hardship, upon the defendant, without a set-off. But that happens under all general rules. They occur as rarely under the rule, which excludes this set-off, as under any other rule. If the maker of a note perform services for, or deliver goods to, the payee, he has only to see that they are applied to the payment of the note, and he can never suffer. If he suffer, by having his set-off rejected, it is through his own neglect.

On the other hand, nothing is more common than the transfer of discredited notes. And if there can be a set-off in these cases, it must be of the general balance due to the maker, upon an adjustment of all demands between him and the payee. There can be no sound reason, why

a set-off should be admitted, if the maker on an adjustment of all demands between them, is indebted to the payee in the amount of the note. And if the endorsee is compelled, after having paid the endorser the amount of the note, to litigate all demands and accounts between the maker and the payee, to which he is an entire stranger, and subjected to all the expense of the litigation, if the balance in favor of the maker turns out to be equal to the amount of the note, the case of the endorsee may be quite as hard in some instances, as any that can occur, if the set-off be rejected.

Besides, if a claim in favor of the maker against the payee is a legal set-off to a discredited note, a claim in his favor against any other legal holder of the note, through whose hands it may have passed, must be equally so. And this may lead to cases of still greater hardship on the side of an innocent endorsee.

The rule which the statute has prescribed is the best that could be adopted. If there be cases of hardship upon the makers of notes under the rule, for which a remedy should be provided, the admission of a set-off in these cases is not the true remedy. It would be better, not to permit discredited notes to be negotiated. That would at least put all parties upon a footing of equality. It would not relieve one innocent party by throwing the burden upon another innocent party, without any sound reason.

We are of opinion that the set off, in this case, was improperly admitted, and there must of course be

*A new trial granted.*