## McDuffie *vs.* Dame.

In an action by an indorsee against the maker, if the defendant files a set-off against the note, and introduces evidence that the note was not indorsed until it was discredited, he will be admitted to sustain his set-off, unless the plaintiff shows that he took the note *bona fide* for a valuable consideration.

Assumpsit, on a promissory note dated October 31, 1835, for $21·89, payable to one John Cloutman, or order, on demand and interest, and by him indorsed to the plaintiff.

The signature and indorsement of the note were admitted.

The defendant offered in set-off his account against the said Cloutman, and proved that in March, 1838, the note in suit was in the possession of the payee.

The court ruled that the set-off was inadmissible ; and a verdict was rendered for the plaintiff for the amount of the note. Whereupon the defendant moved that the verdict be set aside, for misdirection of the court.

*Eastman,* for the defendant, cited the following cases, to the point that the note declared on was discredited before its indorsement to the plaintiff.    13 *Mass. R.* 131, *Field* vs. *Nickerson;* 8 *N. H. Rep.* 334, *Burnham* vs. *Wood;* 5 *Pick.* 1, *Peabody* vs. *Peters & al.;  Ditto* 312, *Sargeant* vs. *Southgate;* 1 *N. H. Rep.* 254, *Perkins* vs. *Challis.*   And contended that the case of *Chandler* vs. *Drew,* 6 *N. H. Rep.* 469, did not necessarily decide this case.

*Tebbetts,* for the plaintiff, relied on the case of *Chandler* vs. *Drew,* 6 *N. H. Rep.* 469.

UPHAM, J.   The note in suit remained in the promisee's hands until long after it had become discredited; and it is contended by the defendant that for this cause it is liable to set-off.   But the plaintiff relies on the case of *Chandler* vs. *Drew,* 6 *N. H. Rep.* 469, to sustain the position that a set-off is inadmissible, even under such circumstances.

The case of *Chandler* vs. *Drew* is opposed to the prevailing doctrine as to set-off in other states; but this arises from the fact that the rule there adopted is based upon the particular provisions of our statute.

We are not disposed to doubt the propriety of that decision; at the same time, it should not be extended beyond the precise limitations of the case.   In that case the note had been indorsed, *bona fide* and on a good consideration, and we regard this as an essential point in the decision.   An indorsed, discredited note should be liable to set-off, unless there has been an actual transfer of the interest in the note. A transfer which is merely nominal should be regarded in the light of a fraud on the payee, where there is a set-off and a transfer of the note is made to avoid it.

We hold, therefore, that in an action by the indorsee against the maker, if the defendant files a set-off against the note, and introduces evidence that the note was not indorsed until discredited, he will be admitted to sustain his set-off, un-

McDuffie *v.* Dame.

less the plaintiff shows that he took the note *bona fide* for a valuable consideration. This was not done in this case. The set-off was, therefore, improperly rejected, and the verdict must be set aside and a

*New trial granted.*