BARKER *v.* BARKER.

The indemnifying clauses in the condition of two mortgages given by the defendant to the plaintiff,—in one, " and hold the said H. B. harmless from all liabilities where he is bound for me," and in the other, " also shall hold the said H. B. harmless from all loss, cost, and expense from all liabilities he may be under by reason of signing notes, bonds, receipts, and other papers with me,"—are sufficient to include a liability incurred by signing as surety for the defendant a note and a loss from the payment of the same before the mortgages were made, although the particular note is not described in the condition of the mortgages ; and the note may be identified, by extrinsic evidence, as one for the payment of which the mortgages were intended as security.

REAL ACTION, to foreclose two mortgages.   Facts found by a referee.

*Jewell & Stone*, for the plaintiff.

*E. A. Hibbard*, for the defendant.

ALLEN, J.   The only question made in the case is in respect to the amount due the plaintiff upon two mortgages executed by the defendant to the plaintiff.   The referee has found the balance due the plaintiff upon certain notes secured by the mortgages, and has stated the facts connected with another note to the Farmington Bank, signed by the plaintiff as surety for the defendant, and by the plaintiff paid, and which he claims was secured by the same mortgages.   The defendant denies that this note was secured by either of the mortgages, and seeks to be allowed in set-off against it the value of certain logs claimed to have been lost through the fault and negligence of the plaintiff.   The note was made and discounted at the Farmington Bank, November 15, 1852, and immediately after taken up and paid by the plaintiff, the bank indorsing it to him without recourse.   The mortgages were made and dated

respectively, February 2, 1860, and October 26, 1861. In the condition of the first mortgage, among other things, is this clause, " and hold the said Hiram Barker harmless from all liabilities where he is bound for me ; " and in the second mortgage the condition contains the following words, "and shall hold the said Hiram Barker harmless from all loss, cost, and expense from all liabilities he may be under, by reason of signing notes, bonds, receipts, and other papers with me."

At the time the note was made and the mortgages executed, the statute provided, as it still provides, that no estate should be " incumbered by any agreement, unless it is inserted in the condition of the conveyance, and made part thereof, stating the sum of money to be secured or other thing to be performed." Rev. St., *c.* 131, *s.* 2 ; G. L., *c.* 136, *s.* 2. In *Benton* v. *Sumner,* 57 N. H. 117, it was decided, on the authority of *Bassett* v. *Bassett,* 10 N. H. 64, *New Hampshire Bank* v. *Willard,* 10 N. H. 210, and *Boody* v. *Davis,* 20 N. H. 140, that a condition in the mortgage to indemnify the mortgagee against loss by reason of his having indorsed for the mortgagor certain notes " now payable and at the Bank of Newbury, Vermont," and notes " now payable and at the Bank of St. Johnsbury, Vermont," was sufficiently certain to warrant the admission of parol evidence to show what notes indorsed by the mortgagee were intended to be secured by the mortgage. If an agreement to indemnify the mortgagee against all notes indorsed by him for the mortgagor at the Bank of Newbury and at the Bank of St. Johnsbury, without specifying the dates and amounts of the notes, or by whom signed, or other particulars in regard to them, was a sufficiently certain description of the " other thing to be performed," an agreement to indemnify the plaintiff in this case against " all loss, cost, and expense from all liability he may be under by reason of signing notes, bonds, receipts, and other papers " with the defendant, would seem to be sufficient to include the Farmington Bank note, and to permit evidence to identify it as a note intended to be secured. " Where a note or obligation is offered in evidence in connection with a mortgage, it is not necessary that all the particulars of it should be specified in the condition in order to identify it as the note intended to be and actually secured by the mortgage. A general agreement with the description is sufficient ; and parol evidence may be introduced to further identify it." *Melvin* v. *Fellows,* 33 N. H. 401. The location of the notes and papers signed at a particular place, at the time of the mortgage, if stated in the indemnifying condition, would have limited its operation to such notes and papers as might then have been at the place named. But a statement of the place where the intended notes were was no necessary part of their description, and its absence left all notes, for which the plaintiff had become liable by signing, within the indemnifying condition.

The cases cited in *Benton* v. *Sumner, supra,* fully sustain the

decision of that case. In *New Hampshire Bank* v. *Willard,* the condition in the mortgage was the payment of $5,000, according to a bond for that sum of the same date with the mortgage. The condition of the bond was for the payment to the plaintiff of all notes, drafts, or acceptances " made, indorsed, drawn, or accepted by said Willard to said bank," on or before a date named, with interest, cost, and damages, and for indemnifying the bank against loss by reason of discounting the notes, etc. Treating the bond as a part of the condition in the mortgage, as the court did in that case, it was the same as if nothing else than the condition of the bond had been written in the condition in the deed. That condition did not name the amounts nor dates of the notes indorsed or drafts accepted, nor give the makers', indorsers', or drawers' names, upon any of the paper discounted by the bank, but was a condition to pay all then discounted, of whatever name, nature, or amount, not exceeding the penal sum of the bond, and indemnify the bank against loss from discounting the notes, drafts, and acceptances. The description of the indebtedness secured, or liability indemnified against, was held sufficiently certain in that case, which seems to be decisive of the point in question here.

The language of the condition in the mortgages is plain. The terms used relate to ordinary and well known transactions, and the clauses are sufficiently certain to embrace the Farmington Bank note, identified by the referee as a note signed by the plaintiff with and for the defendant, one which the plaintiff was then under loss for paying, and one intended by the parties to be secured by the mortgages.

The defendant claims to be allowed in set-off against the Farmington Bank note the value, with interest, of certain logs alleged to have been lost through the fault or negligence of the plaintiff. In 1861 the defendant had cut and drawn the logs to the lake, and rafted them to Hersey's mills to be sawed. In that condition, John Barker, a creditor of the defendant, attached them to secure his debt, and subsequent to the attachment they were mortgaged by the defendant to the plaintiff. June 8, 1863, a large part of the logs had broken from the raft, and sunk. At that date it was agreed in writing, by the plaintiff and the defendant and John Barker, that John and the plaintiff might manufacture and sell the logs and timber, and, after paying the expenses, apply the net proceeds in payment of the Farmington Bank note ; and the defendant agreed to take charge of the lumber, and see to manufacturing the same. The defendant did nothing about raising the sunken logs or manufacturing them, and they remained as they were and became worthless. The plaintiff was ready and willing to pay the expense of raising and manufacturing the logs, but not to advance money for the purpose.

The plaintiff did not buy the logs, nor agree to take them in any event, nor where they were. The referee has not found that.

the logs were lost through any want of care of the plaintiff, nor is any evidence of negligence on his part reported.    If any damages were attributable to the plaintiff's want of care, they are in the nature of unliquidated damages, and not a proper subject of set-off. *Drew* v. *Towle,* 27 N. H. 412.    Upon the facts stated, the defendant is not entitled to the allowance of his claim in set-off.

The Farmington Bank note being secured by the mortgages, and no set-off being allowed to the defendant, the plaintiff is entitled to conditional judgment for the balance found by the referee, on accounting, together with the amount due on the Farmington Bank note, altogether amounting as found, March 28, 1882, to $3,172.16, and interest upon that sum from that date.

*Case discharged.*

CARPENTER, J., did not sit : the others concurred.