Grafton, }
June, 1899. }

### CARR v. ADAMS.

BILL IN EQUITY, for the determination of confused and uncertain boundaries between the parties. At the May trial term, 1899, the defendant moved that the plaintiff be required, under the 26th rule of court, to file a deposition taken by him of a witness, not a party, residing in Massachusetts. The court granted the motion and ordered the deposition to be filed by June 10 of that year. The plaintiff excepted, and duly filed a bill of exceptions, upon the ground that the deposition was his private property and subject to his own exclusive use and custody until he elected to use it, and not subject to be ordered on file or put in custody of the court.

*Bingham, Mitchell & Batchellor, Dearborn & Chase*, and *Drew, Jordan & Buckley*, for the plaintiff.

*Lewis W. Fling* and *Burleigh & Adams*, for the defendant.

BLODGETT, C. J. "Upon motion to the court, the depositions which either party proposes to use on the trial are to be filed with

the clerk; and, after such motion is granted, no depositions are to be used except those which are thus filed." Rules of Court, No. 26. "The court may from time to time establish rules and orders of practice, consistent with the laws, for conducting and regulating its business." P. S., *c.* 204, *s.* 5. The plaintiff has pointed out no inconsistency between the rule and the laws, and none exists.

But aside from the rule, the court had the power to make the order. "Courts of justice have powers, as a necessary incident to their general jurisdiction, to make such orders in relation to the cases pending before them as are necessary to the progress of the cases and the dispatch of business." *Deming* v. *Foster*, 42 N. H. 165, 178. The theory of the law is "that the court may make such orders in each case, from time to time, as justice may require" (*Ib.* 179); and whether justice required the making of the particular order complained of, was manifestly a question of fact for the exclusive determination of the presiding justice.

*Exceptions overruled.*

CHASE, J., did not sit: the others concurred.