BIERINGER-HANAUER COMPANY *vs.* COSMOPOLITAN TRUST
COMPANY & another.

Suffolk.   October 19, 1923. — November 28, 1923.

Present: RUGG, C.J., BRALEY, DECOURCY, PIERCE, & JENNEY, JJ.

*Trust Company,* In liquidation.  *Bills and Notes.*

One, who at the same time is the maker of a note which is a part of the invest-
ment of funds of the savings department of a trust company and is a deposi-
tor in the commercial department of the trust company, has no right, upon
the commissioner of banks taking possession of the trust company for
purposes of liquidation and the winding up of its affairs, to set off against
the amount due on the note the amount of the deposit in the commercial
department.

A check of the maker of the note above described upon the deposit in the
commercial department of the trust company, given after the commissioner
took possession, does not constitute a payment of the note.

A depositor in the commercial department of a trust company gave to the
trust company for money lent to him from that department a note in the
sum of $9,500 payable to the order of the trust company.  Without his
knowledge or consent the note was turned over from the commercial to
the savings department of the trust company in exchange for other notes
of the savings department and for cash.  When the note fell due, the plain-
tiff paid $500 on account and gave a new note for $9,000, which was held
in the savings department, and this note subsequently was renewed in the
same department.  At no time was he aware of the fact that funds of the
savings department were invested in the note, and he assumed at all times
that he was doing business with the commercial department.  At the time
of each renewal of the note the discount charges of the note were charged
to the commercial account of the depositor and appeared as part of his
statement from the commercial department on the first of the following
month.  The commissioner of banks thereafter took possession of the
trust company, which became insolvent.  The depositor tendered 'to the
commissioner a check on his balance in the commercial department and
cash in a sum sufficient to cover the balance of the note.  The commis-
sioner credited him with the cash payment, refused to credit the amount
of the deposit in the commercial department, and brought an action to
recover the amount due on the note.  In a suit in equity to enjoin the
action, it was *held,* that

(1) The fact, that the plaintiff did not have actual knowledge that the
outstanding loan made to him was from the funds of the savings depart-
ment and was therein renewed, could not affect the rights of the savings
depositors and the investments made with their deposits, and was im-
material;

(2) The fact that the note may have been an illegal investment of the funds of the savings department was immaterial;

(3) Even if it be assumed that the commissioner, if he so desired, could transfer the note to the commercial department and apply the funds of that department in payment of it without violating the statute, his judgment and discretion in refusing to do so could not be controlled and overridden by the court;

(4) A decree dismissing the bill was warranted.

BILL IN EQUITY, filed in the Supreme Judicial Court on February 14, 1923, against the Cosmopolitan Trust Company and the commissioner of banks, seeking to enjoin the prosecution of an action at law against the plaintiff for a balance due upon a note of the plaintiff in the savings department of the trust company, to have the note declared an illegal investment of funds of the savings department, and to require the defendant commissioner of banks to credit on the amount of the note a deposit of the plaintiff in the commercial department of the trust company.

The suit was heard by *Carroll*, J. He made the following findings among others: " At no time was the plaintiff aware of the fact that funds of the savings department were invested in said note, but assumed at all times that it was doing business with the commercial department. At the time of each renewal of the said note, the discount charges of the note were charged to the commercial account of the plaintiff and appeared as part of its statement from the commercial department of said bank on the first of the following month." Other material facts found by him are described in the opinion. The single justice ordered a final decree dismissing the bill and reported the suit for determination by the full court.

*J. J. Gaffney*, for the plaintiff.

*S. M. Child*, (*E. O'Callaghan* with him,) for the defendants.

DECOURCY, J. When the bank commissioner, Joseph C. Allen, took possession of the Cosmopolitan Trust Company under the liquidation statute, he found among the assets of the savings department a note of the plaintiff for $9,000 dated September 7, 1920, and payable to the order of said trust company. When this note became due, on January 7, 1921, the plaintiff had on deposit in the commer-

cial department the sum of $6,206.82. It then tendered to the agent of the bank commissioner a check on the trust company for that balance, and also the sum of $2,793.18, the difference between the amount on deposit and the face of the note. The commissioner credited the $2,793.18 on the note, but refused to credit thereon the plaintiff's deposit in the commercial department; and he brought an action at law to recover the balance due. This bill in equity seeks to enjoin the commissioner from prosecuting the action at law, to compel him to credit on the note the said deposit, and for general relief.

The note being an asset of the savings department, admittedly the plaintiff did not have a right to apply its deposit in the commercial department as a set-off, G. L. c. 172, § 62. *Bachrach* v. *Commissioner of Banks*, 239 Mass. 272. *Bailey* v. *Commissioner of Banks*, 244 Mass. 499. Nor did its tender of a check on an insolvent bank in liquidation constitute payment. *Cosmopolitan Trust Co.* v. *Lyons*, 244 Mass. 115. *Cosmopolitan Trust Co.* v. *S. Vorenberg Co.* 245 Mass. 317. Its contention that the note should be transferred to the commercial department is based on the fact that the original note of February 5, 1920, for $9,500 was given as security for money borrowed from that department, and that it was turned over to the savings department without its knowledge or consent. But this note, with others, was so transferred in exchange for other notes of the savings department and cash on February 28, 1920. When it fell due on May 5, the plaintiff paid $500, and a new note for $9,000 was issued and invested in the savings department; and this was renewed September 7, 1920, in that same department. The fact, that the plaintiff did not have actual knowledge that the outstanding loan made to it was from the funds of the savings department, is immaterial, and cannot affect the rights of the savings depositors to the investments made with their deposits. *Kelly* v. *Commissioner of Banks*, 239 Mass. 298. Nor is this result affected by the fact that the note may have been an investment that was illegal for the savings department. *Cosmopolitan Trust Co.* v. *Rosenbush*, 239 Mass. 305. It is difficult to see how

the commissioner, if he so desired, could transfer this note to the commercial department and apply the funds of that department in payment of it, as the plaintiff urges, without violating the statute as construed in the cases above cited. But, even assuming, without so deciding, that a state of facts might exist where he could legally make such a transfer, his judgment and discretion in refusing to do so cannot be controlled and overridden by the court.

*Decree affirmed, with costs.*