Grafton, ·⎫
July 12, 1926. ⎰

ARTHUR E. DOLE, *Bank Commissioner, v.* R. J. CHATTABRIGA.

SAME *v.* ISAAC T. RAINEY *& a.*

SAME *v.* FRANK B. WILLIAMS.

A petition for instructions is a well-established method of settling disputed claims against a bank in process of liquidation; and the court, under its general equity jurisdiction, has power to determine the rights of the parties on such a petition.

It was clearly the purpose of the legislature (P. L., c. 264, s. 9) to confer upon depositors in the savings departments of trust companies the same privileges enjoyed by depositors in ordinary savings banks.

In the liquidation of a trust company a depositor in the commercial department is not entitled to set off his deposit against his indebtedness on a note held by the savings department.

Debts to be set off must be mutual; and to be mutual they must be due to and from the same persons in the same capacity. There is no such mutuality between the indebtedness of the commercial department to its depositors and the claims of the savings department against such depositors, those claims being held by the savings department as trustee for the benefit of the depositors in that department.

A depositor in the savings department of a trust company is not entitled to set off his deposit against his indebtedness on a note held by that department.

PETITIONS, filed by the bank commissioner in possession of the property of the Peoples Trust Company of Lebanon, for instructions relative to the right of the defendants to set off certain sums due them against their liability on certain notes.

The trust company was organized in 1913 with all the powers incident to corporations of a similar nature. Laws 1913, c. 426. It maintained both a commercial and a savings department. On January 13, 1925, it was closed by the bank commissioner under the authority of Laws 1911, c. 68 (P. L., c. 268).

The notes of the defendants Chattabriga and Williams were discounted in the commercial department and transferred to the savings department before maturity. The note of the defendant Rainey was discounted in the savings department and there held when the commissioner took possession. None of these notes was due at that time. Each defendant had a checking account in the commercial department, and Chattabriga a deposit in the savings department.

The court ruled that the defendants were not entitled to set off

the amount due them from either department against their liability on the notes. To this ruling the defendants excepted. Transferred by *Sawyer*, J.

*Frank N. Parsons* and *Robert W. Upton*, for the plaintiff.

*Nathaniel E. Martin* and *Alfred W. Levensaler*, for the defendants.

MARBLE, J. A petition for instructions is a well-established method of settling disputed claims against a bank in process of liquidation (*Kimball* v. *Norton*, 59 N. H. 1; *Bank Commissioners* v. *Trust Co.*, 75 N. H. 107), and the court, under its general equity jurisdiction, has power to determine the rights of the parties on such petition (*Wheeler* v. *Perry*, 18 N. H. 307; *Goodhue* v. *Clark*, 37 N. H. 525, 531; *Petition of Baptist Church*, 51 N. H. 424).

While the two departments of a trust company are not always treated as separate entities (*Guaranty Trust Co.* v. *Company*, 79 N. H. 480, 488), it was clearly the purpose of the legislature to confer upon depositors in the savings department the same privileges enjoyed by the depositors in ordinary savings banks. P. S., *c.* 165, *s.* 18; Laws 1905, *c.* 32 (P. L., *c.* 264, *s.* 9). The defendants were chargeable with knowledge of this fact.

Rainey's note was not only held by the savings department but discounted there. The other notes were negotiable and were properly transferred to the savings department to apply on the indebtedness due that department from the commercial department. There is no suggestion that the transfer was not made in good faith and on a good consideration. *McDuffie* v. *Dame*, 11 N. H. 244; *Wright* v. *Cobleigh*, 23 N. H. 32, 36; *Ordiorne* v. *Woodman*, 39 N. H. 541; *Leavitt* v. *Peabody*, 62 N. H. 185, 186. So far as the rights of the makers of these notes were concerned it was as if the notes had been transferred to another bank. They should be regarded as though deposited with a trustee to protect the savings depositors. *Bank Commissioners* v. *Trust Co.*, 75 N. H. 107, 110; *Commissioner of Banks* v. *Trust Co.*, 240 Mass. 478.

Set-off is a statutory right. *Chandler* v. *Drew*, 6 N. H. 469, 470; *Rollins* v. *Horn*, 44 N. H. 591; *Leavitt* v. *Peabody*, *supra*. It is in the nature of a cross-action. *Varney* v. *Brewster*, 14 N. H. 49, 54; *Chase* v. *Strain*, 15 N. H. 535, 540. Debts to be set off must be mutual (*Gould* v. *Kelley*, 16 N. H. 551, 560; *Concord* v. *Pillsbury*, 33 N. H. 310, 314), and to be mutual they must be due to and from the same persons in the same capacity (*Brown* v. *Warren*, 43 N. H.

430, 435; *Goodwin* v. *Richardson*, 44 N. H. 125; *McCaffrey* v. *Kennett*, 73 N. H. 189).

The balance which each defendant had in his checking account was due from the commercial department as debtor. *Bank Commissioners* v. *Trust Co.*, 70 N. H. 536, 545. The claims against the defendants were held by the savings department in the capacity of trustee for the benefit of the depositors in that department. Such demands are not mutual within the meaning of the statute. *Bieringer-Hanauer Co.* v. *Trust Co.*, 247 Mass. 73.

"To allow a depositor in the commercial department of the bank to set off his deposit against his debt to the savings department would have the effect of diverting funds and assets held solely for the special purpose of repaying savings depositors and using them to pay the liability and obligation of the bank to a commercial depositor." *Upham* v. *Bramwell*, 105 Or. 597.

The legislative intent to "create funds for the special benefit of the depositors in" savings departments of trust companies included "a legislative purpose to protect such depositors, even at the expense of the general creditors of such institutions." *Bank Commissioners* v. *Trust Co.*, 75 N. H. 107, 110.

The savings department was amenable to the law governing savings banks. P. S., c. 165, s. 18 (P. L., c. 264, s. 9). And it has long been the law of this state that upon the insolvency of a savings bank a general depositor cannot offset his deposit against a debt due from him to the bank. *Cogswell* v. *Bank*, 59 N. H. 43; *Hall* v. *Paris*, 59 N. H. 71. The rule has been applied in other jurisdictions to deposits in the savings department of an insolvent trust company. *Lippitt* v. *Trust Co.*, 88 Conn. 185; *Bachrach* v. *Allen*, 239 Mass. 272; 25 A. L. R. 957.

Chattabriga was not entitled to apply his savings deposit toward the payment of his note. To permit him to do so would be to "give him a greater share of the assets than his non-borrowing fellow depositors." *Bachrach* v. *Allen, supra*.

The defendants ask that further facts be found. The commissioner states that an immediate decision upon the facts presented is necessary in aid of the adjustment of numerous claims. In this situation the case is disposed of here without prejudice to the defendants' right to ask for further findings by the superior court.

*Exceptions overruled.*

All concurred.