Rockingham, }
  Dec. 2, 1930. }

DERRY LOAN & DISCOUNT COMPANY *v.* FRANCIS W. FALCONER.

*McLane, Davis & Carleton* and *Peter Woodbury* (*Mr. Woodbury* orally), for the plaintiff.

*William H. Sleeper* and *John W. Perkins* (*Mr. Sleeper* orally), for the defendant.

ALLEN, J.  The defendant claims that the issue of the general title to the car was litigated in the hearing before the referee and found in his favor.  The record shows to the contrary.  The issue was not litigated and the report makes no finding about the title.  At the hearing the defendant was permitted to show that he bought the car, but not that the owner was to be charged as the seller; and his counsel took the position that it was enough to entitle him to recover if he understood the car was his and received it "as an innocent purchaser for value without any knowledge of existing liens."  If there was evidence at the hearing about the title, the referee employed it only in connection with the issue of the defendant's good faith in buying the car.  He did not assume to pass upon the title for the evident reason that he did not understand it to be an issue which the hearing embraced.

The insufficiency in principle of the defendant's claim made before the referee needs no discussion.  Clearly title was necessary to give him the right to possession when the mortgage was discharged, and without title his claim of any rights is unfounded.  No title was proved and the denial of the motion was proper.  As the record stands the exceptions must be overruled.  While the defendant has made no motion for the recommittal of the report for the issue of title to be tried and determined, the question of his rights in this action to assert a title subject to the mortgage and if his claim of such title should prevail, have been argued.  While not technically presented by the record, it appears that further litigation will be avoided or simplified by their decision, and they have been considered.  *Sargent* v. *Little*, 72 N. H. 555, 557; *Knight* v. *Haverhill*, 77 N. H. 487, 489.

If the mortgagor to whom delivery of the car was made was not the owner, the defendant was, and such delivery by the plaintiff was a wrong to the defendant.  It is his claim that on proof of the car as his he is entitled to judgment in this action and to hold the replevin

bond as security for his damages for the conversion of the car. The plaintiff's mortgage and its consequent right to obtain possession of the car by replevin are admitted, but the defendant says that upon the payment of the mortgage debt, as the owner he was entitled in the action to an order for the return of the car or to judgment for its value, as though the mortgage never was in force. He thus seeks to give a retroactive effect to the payment of the debt and thereby to change the cause of action from one that is maintainable to one that is not.

Even when a defendant prevails, there is no wrong against him in bringing the action of replevin. The right to bring action is the same as in the ordinary action for damages with its incident of attachment, and the property is taken under the judicial precept of the writ. A good cause of action being stated, service of the writ in taking the property is legal and rightful if the service is properly made. No malice prompting it, there is no redress for bringing the action when the defendant prevails except as specific statutory or common-law rules may give it. In the hardship upon a prevailing defendant not to have protection aside from an order for the return of the property, the statute (P. L., c. 352, s. 5) provides that the writ shall not be served unless the officer has a bond with the conditions that the plaintiff shall prosecute the suit and pay all damages and charges awarded against him. And for further protection a defendant on giving bond may ordinarily have the property kept in the officer's custody while the suit is pending. P. L., c. 352, s. 6. Since there is no wrong in taking property by replevin, the bond gives a prevailing defendant relief, not for any injury to him, but for the hardship the taking imposes on him. The bond when liquidated in amount is the price the plaintiff is called upon to pay for the right the law gives to bring the action in case he does not prevail.

If a plaintiff has the right to possession of property replevied, he prevails in the action. Replevin is one remedy given to secure the right. The right existing when the action is brought, there is no hardship on the defendant from its exercise. What the plaintiff does with the property after its delivery to him has nothing to do with his cause of action. If his cause is established, he prevails. If he does not prevail, the defendant's rights entitling him to the property and to enforce the bond give the latter ample relief.

When the plaintiff's possessory right is limited to a lien satisfied during the pendency of the action, justice may require an order in the action for the return of the property to the defendant. But the

defendant is not for that reason a prevailing party. The plaintiff has established his right to judgment. And the lien is terminated by its satisfaction, but not with retroactive effect as though it had never existed.

If the satisfaction entitles the defendant to an order for the return of the property, or to judgment for its value if a return is not made, the bond is not security therefor. If without suit the plaintiff obtains possession and his lien is then satisfied, his wrong in refusing redelivery to the owner is a conversion but does not make the taking wrongful, and the situation is the same if possession is obtained by suit. The bond does not contemplate that the obligors shall respond for illegal conduct independent of and subsequent to the bringing of the action when the right to possession exists before the action is brought. Neither the principal obligor nor the sureties assume any such liability. The bond is in form an obligation to the officer serving the writ and the liability for taking when the plaintiff has no antecedent right to take is his. There being a right to take the property regardless of the writ, he is not liable for taking it or for consequences or developments of the taking. The statutory provision for possession to be held by the officer if the defendant gives him a bond in such connection clearly shows that the bond from the plaintiff is not intended as protection against a wrongful disposal of the property after the exercise of a valid right of possession existing before the action is commenced. The damages awarded against him for which the signers of the bond are held are only those in cases where there is no such antecedent right to possession.

It is generally held that when a defendant in replevin prevails, the bond is security for all damage and loss to the property regardless of the plaintiff's fault for the loss. But if the plaintiff prevails, it would clearly be unreasonable to construe the bond so as to hold its signers responsible for such loss. And in extension of the difference it is immaterial that the loss is caused by the wrong of a prevailing plaintiff. The signers assume no liability for the plaintiff's conduct, rightful or wrongful, when he has the antecedent right to possession.

So far as replevin goes, the plaintiff is the prevailing party if he has the antecedent right to possession. He is entitled to costs and to judgment for his interest in the property. Any orders respecting the defendant's interest or equities in the property are made, not because he prevails, but because the plaintiff has no claim to them. They arise out of the situation and are without bearing on the plaintiff's cause of action.

In summary, if general title was in the defendant, the plaintiff's delivery of the property to the mortgagor was a conversion. But the wrong is not a defence to the action of replevin and hence may not be litigated in a plea *puis darrein continuance.* The plaintiff is entitled to judgment in the action, whatever the merits of the defendant's claim. And the judgment conclusively shows compliance with the conditions of the bond. Its signers contracted only to be liable if the plaintiff had no right to judgment. They did not contract to be liable for the discharge of duties of the plaintiff arising in the course of the action or as its outcome when the possessory right of the plaintiff was successfully asserted. The bond is not security for the defendant's claim.

In replevin, justice and convenience of procedure in avoidance of scattered and separate litigation may properly warrant incidental orders in the defendant's favor when he is not the prevailing party. But here no order can properly be made for the return of the car if he should prove his title to it, since the plaintiff no longer has it. No issue in the action remains untried and the plaintiff has received satisfaction of its lien. The defendant's only remedy is for damages and his claim if established will result in an independent judgment. It is therefore a situation in which recoupment of damages may not be had. Nor may the claim be pleaded as a set-off. The statute of set-off (P. L., c. 335, s. 8) requires that a right of action on the debt or demand pleaded in set-off shall exist when the plaintiff's action is brought. And also a debt or demand the subject of set-off must be for damages capable of liquidation by mere computation. *Drew* v. *Towle,* 27 N. H. 412, 428; *Barker* v. *Barker,* 62 N. H. 366, 368, 369. And a counterclaim other than a debt or demand which is the subject of set-off or recoupment is not known to the common law and does not here obtain by statute. *Smith* v. *Woodman,* 28 N. H. 520, 531; *Drew* v. *Towle, supra; Barker* v. *Barker, supra;* 24 R. C. L. 793. There is here raised no procedural issue of convenience in consolidating the trial of different actions, and it is not perceived how in the present state of the case the defendant may proceed therein with his claim.

*Exceptions overruled.*

All concurred.