Coös, ⎰
May 5, 1936. ⎱

LEO PARENT *v.* WILLARD D. RAND, *Liquidating Agent.*

*Crawford D. Hening* (by brief and orally), for the petitioner.

*Ira W. Thayer* (by brief and orally), for the defendant.

MARBLE, J. In this jurisdiction a borrowing depositor in the savings department of an insolvent trust company is not entitled in the event of liquidation to set off his deposit against his indebtedness to that department. The reason for this rule is that the savings department is amenable to the law governing savings banks. Consequently it holds all claims against borrowers in the capacity of a trustee for the benefit of its depositors, and to permit a borrowing depositor under such circumstances to apply his savings deposit toward the payment of his note would be to give him a larger share of the assets than his non-borrowing fellow depositors. *Dole* v. *Chattabriga*, 82 N. H. 396.

It is important to bear in mind, however, that this rule exists solely for the protection of the depositors in the savings department and that it does not apply to a similar situation in the commercial department, where in the event of the bank's insolvency a borrower is permitted to apply toward the payment of his note the balance in his checking account.

Although the Guaranty Trust Company was authorized by its charter to conduct a savings department, there was no division of the corporation into separate entities. "A loss in either department was the loss of the stockholders" (*Guaranty Trust Co.* v. *Company*, 79 N. H. 480, 488), and liability was imposed upon them "for all contracts, debts, and engagements of the corporations to the amount of their stock therein at the par value thereof, in addition to the amount invested in such shares," Laws 1913, *c.* 381, *s.* 9. "All corporations which engage in the banking business have a paid-up

capital" and one purpose of the paid-up capital of a trust company "is to create a fund in the nature of collateral security" for the benefit of all its creditors, including depositors in the savings department, who are entitled to "share in the distribution of the general assets, in the same way and to the same extent as the company's other creditors." *Bank Commissioners* v. *Company*, 75 N. H. 107, 109.

The amount of the dividend to which a depositor is entitled must of necessity depend upon the extent to which the liquidating agent succeeds in converting the bank's assets into cash. And if as a result of this conversion the depositors are paid in full and a surplus remains in the hands of the commissioner, it is only equitable that the right which was withheld from the borrowing depositors when the outcome of liquidation seemed doubtful should take precedence over the claim of the stockholders to the surplus in question. This is not in any real sense paying the borrowing depositors more interest on their deposits than the non-borrowing depositors have received, or distributing the assets unequally. It is neither violating the provisions of P. L., c. 268, s. 8, nor disregarding the rule that the rights of the parties are fixed at the time the commissioner takes over the bank's business and property. It is simply acting on the recognition that a protective measure, tentatively imposed, has proved to be unnecessary: it is making final dividend adjustment in the light of subsequent events as of the date when the bank was closed.

It is true, as the defendant suggests, that if a debtor finds it more convenient to delay payment instead of discharging his indebtedness at once, the interest which he pays for the privilege of such delay inures to the benefit of the bank's creditors. But this is far from saying that when the creditors' claims have been fully discharged the debtor cannot assert a right which would have been his if the surplus which his interest payments have helped to create had existed at the start.

According to the reserved case there were numerous depositors in the savings department who, like the petitioner, were indebted to that department. But there is no suggestion that the unrealized assets now remaining, when reduced to cash, will be insufficient to pay these depositors on the basis of a set-off allowed them as of the date when the commissioner took possession. In this situation the petitioner will be entitled to receive the full amount claimed.

*Case discharged.*

All concurred.