Cheshire,
Feb. 1, 1938.

LEHIGH NAVIGATION COAL CO. *v.* KEENE COAL CO.

*J. Edward Flynn* and *Roy M. Pickard* (*Mr. Pickard* orally), for the plaintiff.

*Chester B. Jordan* (by brief and orally), for the defendant.

MARBLE, J. "All special pleas and brief statements shall be filed within sixty days from the commencement of the term when the action is entered . . . ." (Rule 17 of the Superior Court), and "No set-off shall be filed after ninety days from the entry of the action, except by leave of court and upon payment of costs . . . ." (Rule 22 of the Superior Court). 78 N. H. 691, 692. These rules are "consistent with the laws" (P. L., c. 316, s. 7; *Carr* v. *Adams*, 70 N. H. 622), and their enforcement rests in the sound discretion of the trial

court. *Corbett* v. *Norcross*, 20 N. H. 366, 369; *Noyes* v. *Edgerly*, 71 N. H. 500, 502; *Hutchinson* v. *Railway*, 73 N. H. 271, 283; 2 Hening's Digest, 1402.

Since the defendant did not ask leave to file its special plea until three years after the entry of the plaintiff's action and until more than six years after some, if not all, of the alleged counter-indebtedness had accrued (see 37 C. J. 805), it can scarcely be said that the Presiding Justice exceeded the limits of his discretion in rejecting the answer. Moreover, it is doubtful if the defendant would have been entitled to prove as a counterclaim certain of the items included therein even if the answer had been seasonably filed.

A counterclaim "other than a debt or demand which is the subject of set-off or recoupment is not known to the common law and does not here obtain by statute." *Derry Loan &c. Co.* v. *Falconer*, 84 N. H. 450, 454. Recoupment is available to a defendant only when the demands of both parties arise out of the same contract or transaction, and under the statute of set-off (P. L., *c.* 335, *ss.* 7-13), a claim for unliquidated damages cannot be maintained. *Arcadia &c. Mills* v. *Company*, *ante*, 188. The non-residence of the plaintiff is not alleged, and no equitable ground for the allowance of a set-off is claimed.

It is suggested, however, that the first paragraph of the answer is a plea of the general issue and that, under that plea, the defendant should have been permitted to show a failure of consideration for the notes in question. So far as the record discloses, no such claim was ever made before the referee or the trial court. Indeed, throughout the entire controversy, the notes seem to have been treated as valid independent obligations, and the only failure of consideration now asserted is the failure of the plaintiff to pay an alleged indebtedness which, according to the answer, antedates the notes by nearly four years. The validity of the notes is definitely recognized by a credit for the balance due thereon, which appears in the items of the answer. A payment was made by the defendant during the pendency of the action, and "such payment is an admission that the action was brought for good cause." *Williams* v. *Tappan*, 23 N. H. 385, 394.

The discussion between the referee and counsel, at which the parties themselves were present, constituted an informal hearing. *Woodsville Fire District* v. *Cray*, 88 N. H. 264, 266; *Vidal* v. *Errol*, 86 N. H. 585. The result of that hearing was the recommendation that judgment be entered for the plaintiff "in the event that the motion to file an offset" should be denied by the Superior Court. It is

true that the court denied this motion and ordered judgment on the report as a matter of course. But defendant's counsel was fully heard on the motion to vacate the judgment, and the only offer of proof then made was an offer to show that the plaintiff was not surprised by the answer "for the reason that negotiations had been going on to try and effect a settlement of the claim since the suit was brought." The court correctly ruled that this evidence did not establish the defendant's right "to file the set-off over the plaintiff's objection."

Here, as in the case of *Ela* v. *Goss*, 20 N. H. 52, 57, the defendant "has not shown that substantial justice requires a new trial, or that any real injustice has been done" by the refusal of the court to receive the belated plea. It follows that the motion to vacate the judgment was properly denied.

*Exceptions overruled.*

All concurred.