Thomas P. Moylan *v.* Alice C. Lamothe.

*Hughes & Burns* and *Walter A. Calderwood* (*Mr. Calderwood* orally), for the plaintiff.

*Robert W. Upton* and *John H. Sanders* (*Mr. Upton* orally), for the defendant.

BRANCH, J. The obvious purpose which the plaintiff sought to accomplish, by filing the strange pleading above set forth, was to prevent a trial of the defendant's claim for recoupment in this state and compel her to litigate it before the courts of another jurisdiction. This would be in violation of the principles of equitable set-off as set forth in *Arcadia &c. Mills* v. *Company*, 89 N. H. 188, where it is said, "One of the many circumstances which demand this extension [of

the doctrine of set-off] is 'the non-residence of the party against whom the set-off is asserted.'"

When a plaintiff has chosen his forum and submitted himself to the jurisdiction of its courts, he cannot, by taking a voluntary non-suit, prevent the defendant from proceeding to judgment upon a claim for affirmative relief properly pleaded. This is said to be in accordance with "the great weight of authority." 9 R.C.L., Tit. Dismissal, Discontinuance and Nonsuit, *s*. 18; 27 C.J.S. 199. It is clearly in accord with the principle which prevails in this jurisdiction that "the law does not compel parties to bring two actions when with equal convenience their rights can be settled in one." *Johnson* v. *Association*, 68 N. H. 437, 438. In this situation, the plaintiff does not seek to take a voluntary nonsuit, and his motion should be denied.

By his motion that the defendant's claim of recoupment be dismissed for the reason that the damages are unliquidated, the plaintiff invokes a rule which, if it ever prevailed in this juridiction, has been outmoded ever since the decision in *Johnson* v. *Association*, *supra*, where the supposed rule was specifically invoked without success.

The Connecticut statute, referred to in the plaintiff's motion, which requires that actions for malpractice must be instituted within one year from the date of the act or omission complained of, is not a bar to the maintenance of the defendant's plea of recoupment in this jurisdiction. *Smith* v. *Turner*, 91 N. H. 198; *Conneticut Valley Lumber Co.* v. *Railroad*, 78 N. H. 553. The Connecticut law seems to be in accord with these cases. *Bridgeport* v. *Company*, 105 Conn. 11, and cases cited. The Superior Court is, therefore, advised that plaintiff's motion should be denied and his special plea disallowed.

*Case discharged.*

All concurred.