Hillsborough, } No. 3498.
Mar. 6, 1945. }

VERNON PARTS CORP. *v.* GRANITE STATE MACHINE CO., INC.

*J. Morton Rosenblum* (by brief and orally), for the plaintiff.

*Chretien & Craig* (*Mr. Chretien* orally), for the defendant.

MARBLE, C. J. The essential question we are asked to decide is whether the rule of *Arcadia &c. Mills* v. *Company*, 89 N. H. 188, is applicable to the facts alleged in the second and third paragraphs of the defendant's plea.

Many courts "representing what is perhaps the more widely prevailing modern view, require one invoking any form of judicial relief from them to submit to the enforcement by way of set-off of any counter-claim or cross-claim for relief, even though not otherwise of an equitable nature, or the subject-matter of equitable set-off, if the defendant would be obliged to enforce it in a foreign jurisdiction." 2 Lawrence, Eq. Jur., s. 1078. This paragraph is referred to with approval in the case of *Arcadia &c. Mills* v. *Company*, *supra*, 190.

It is suggested, however, that setoff or counterclaim is not available in replevin or other possessory actions, and that allowance of the pleadings in question might well result in two separate judgments, one for the plaintiff for possession and the other for the defendant for damages.

The first of these suggestions correctly states the general rule but fails to note the exception; namely, that pleas of setoff or counterclaim are permissible in replevin actions where special circumstances exist which entitle the defendant to equitable relief. See 54 C. J. 458, s. 86; Anno. 151 A. L. R. 519, 570.

Cobbey in his work on Replevin (section 794) states that courts are inclined to give the action of replevin "such flexibility as to adjust all equities arising between the parties." To the same effect, see Shinn, Replevin, s. 47, and cases cited.

"In replevin suits, it is frequently a matter of no small difficulty to properly protect the interests and to equitably adjust the rights of parties. Such suits are said to be in some respects *sui generis*, and the inclination of the courts . . . has been to give to them a flexibility sufficient to meet exigencies and adjust all equities arising in such actions." *Hickman* v. *Dill*, 32 Mo. App. 509, 515.

Hence, the right of recoupment is held to exist in replevin actions

where the cross demands grow out of the same transaction. Shinn, Replevin, *s.* 585, and cases cited.

In the concurring opinion in the case of *Delco Light Co.* v. *Hutchinson Properties*, 99 Fla. 410, 421, 422, it is said: "We have no statute providing for pleas of counterclaim in law actions. . . . But it seems that even in replevin a defendant may plead and prove a claim against the plaintiff arising out of the same transaction as an off-set or recoupment against the plaintiff's claim for damages for detention of the property."

In replevin cases involving statutory counterclaim, which is in the nature of a recoupment (Shinn, Replevin, *s.* 585), it is the modern tendency to allow a counterclaim for affirmative relief in excess of the plaintiff's demand. 16 Colum. Law Rev. 358 and cases cited.

With reference to the present proceedings, attention is called to the fact that the defendant's claim is based on the same contract under which the property taken on the replevin writ was held at the time the action was instituted. As to the law here in force, it should be noted that, although we have no statute of counterclaim, recoupment for unliquidated damages in excess of a plaintiff's demand is permitted, and parties are not ordinarily required to bring two actions when their rights can be settled conveniently in one. *Johnson* v. *Association*, 68 N. H. 437; *Moylan* v. *Lamothe*, 92 N. H. 299, 301.

But whether the right of recoupment would here exist if the plaintiff were amenable to process within the state is a question which need not be determined, for we believe that the nonresidence of the plaintiff is a proper ground for granting to the defendant the relief requested. The hardship the defendant would undergo by being compelled to pursue his remedy in a foreign jurisdiction is held to justify equitable intervention in the *Arcadia Mills* case, and the particular relief there granted is not specifically authorized either by statute or by the common law. See *Smith* v. *Willis*, 84 Or. 270, 276–280.

Nor should the special pleadings be rejected merely because their allowance might lead to separate judgments. In England, where counterclaim is permitted by statute, if the counterclaim is established, the court may adjudge to the defendant the relief to which he is entitled even though this "may lead to a judgment for plaintiff with costs and a separate judgment for defendant with costs." 64 Uni. of Pa. Law Rev. 541, 567, and cases cited. And in the case of *Derry Loan &c. Co.* v. *Falconer*, 84 N. H. 450, 454, it is said: "In replevin, justice and convenience of procedure in avoidance of scat-

318

tered and separate litigation may properly warrant incidental orders in the defendant's favor when he is not the prevailing party."

The opinion of *Woodbury*, J., in the case of *Brown* v. *Smith*, 1 N. H. 36, 38, 39, concludes as follows: "The defendant here shows an inchoate title to seven of the 'creatures' impounded, and that the plaintiff wrongfully replevied them from him. He is therefore entitled to judgment, for damages and costs on the respective issues found in his favour. The plaintiff shows a wrongful detention by the defendant, of one of the beasts replevied, and is therefore entitled to damages for such detention, and cost upon the third and fourth issues." See *Jordan* v. *Cummings*, 43 N. H. 134, 138.

The question transferred is answered in the affirmative.

*Case discharged.*

JOHNSTON, J., dissented: the others concurred.