### CHARLES E. DAME

*v.*

### WILLIAM SEAWARD, *d/b/a.*

### SEAWARD CONSTRUCTION CO.

*William H. Sleeper* and *Robert Shaw* (*Mr. Shaw* orally), for the plaintiff.

*Hughes & Burns* (*Mr. Donald R. Bryant* orally), for the defendant.

PER CURIAM. The time required to take a party's deposition is not always limited to an hour, and often a substantially longer time is necessary. If the defendant were to take one or more depositions at nine o'clock in the morning, the plaintiff might be deprived of the opportunity to take his depositions at ten o'clock on the same morning. This is true whether the defendant's depositions were to be taken in Dover at his office, as his notice stated, or at Exeter as he later offered to do. If the practice advocated by the defendant should prevail, there would be nothing to prevent either party, within the time limited by Superior Court Rule 29 (93 N. H. Appendix) from harassing the other by notices for successively earlier depositions, to the derogation of justice and common sense. The law countenances no such conduct. Our statutes relative to the taking of depositions (R. L., c. 393) are silent as to which party shall have preference in such instances as the present, and therefore the familiar rule applicable is that each case must be decided within the discretion of the Trial Judge in accordance with the requirements of justice. *LaCoss* v. *Lebanon*, 78 N. H. 413, 417, and cases cited; *Morrill* v. *Bank*, 90 N. H. 358; *Carr* v. *Adams*, 70 N. H. 622; *Deming* v. *Foster*, 42 N. H. 165, 178, 179; *Scammon* v. *Scammon*, 33 N. H. 52, 60.

There being no abuse of discretion here the order is

*Exceptions overruled.*