Daisy B. STANLEY, Administratrix of
the Estate of Harry A. Stanley,

v.

George N. CLARK.

Civ. A. No. 1721.

United States District Court
D. New Hampshire.

Oct. 16, 1957, as of Aug. 2, 1957.

———◆———

Burnham B. Davis, Conway, N. H.,
Upton, Sanders & Upton, Richard F. Up-
ton, Concord, N. H., for plaintiff.

Burns, Calderwood, Bryant & Hinchey,
Stanley M. Burns, Dover, N. H., for de-
fendant.

CONNOR, District Judge.

This is a motion to dismiss defendant's
counterclaim.

■ Harry A. Stanley, on October 9,
1956, brought an action of contract for

$5,500 for labor and materials allegedly furnished to defendant George N. Clark in the construction of a motel. Stanley died on December 5, 1956, and Daisy B. Stanley was appointed administratrix of his estate on January 2, 1957. On January 19, 1957, defendant answered and counterclaimed for unliquidated damages in the amount of $5,000 for losses due to alleged improper performance by plaintiff of the same contract. On March 14, 1957, Daisy B. Stanley, administratrix, was duly substituted as plaintiff.

Plaintiff then moved to dismiss defendant's counterclaim on the ground that it was begun within one year after the original grant of administration, allegedly contrary to the provision of New Hampshire Revised Statutes Annotated, chapter 556, section 1, which reads as follows:

"No action shall be sustained against an administrator if begun within one year after the original grant of administration, nor unless the demand has been exhibited to the administrator and payment has been demanded."

Plaintiff's second ground for dismissal of the counterclaim is that no demand was made on the administratrix as allegedly required by the above statute.

It is the position of the defendant that set-off is allowed against an administrator by statute:

"Mutual debts or demands * * * when due, may be set off in actions by or against the administrator." RSA 515:9,

and further that the statute barring actions against an administrator within one year of the grant of administration does not apply to a counterclaim in an action begun by the decedent while living.

Plaintiff urges that the set-off statute, supra, applies only to liquidated claims, and defendant's claim is for unliquidated damages. Derry Loan & Discount Co. v. Falconer, 1930, 84 N.H. 450, 454, 152 A. 427; Drew v. Towle, 1853, 27 N.H. 412, 428; Barker v. Barker, 1882, 62 N.H. 366, 368, 369; Lehigh Navigation Coal Co. v. Keene Coal Co., 1938, 89 N.H. 274, 197 A. 410.

Plaintiff further contends that the set-off statute applies only if the set-off is "due," and alleges that defendant's claim will not be due until a year has elapsed from the grant of administration.

I conclude that the counterclaim should be allowed because it is really in the nature of recoupment; the set-off statute above cited does not apply at all.

 In this state, the difference between set-off and recoupment is this: A set-off is a claim of the defendant, usually liquidated, though it may be unliquidated under certain equitable circumstances. Most of the cases involve claims arising out of transactions independent of the plaintiff's claim. Lehigh Navigation Coal Co. v. Keene Coal Co., 1938, 89 N.H. 274, 197 A. 410; Arcadia Knitting Mills, Inc. v. Elliott Manufacturing Co., 1937, 89 N.H. 188, 195 A. 681. Set-off was unknown at common law and is regulated entirely by statute. 80 C.J.S. Set-Off and Counterclaim § 4; Chandler v. Drew, 1834, 6 N.H. 469, 470; Dole v. Chattabriga, 1926, 82 N.H. 396, 397, 134 A. 347.

Recoupment, on the other hand, can be for an unliquidated sum. Moylan v. Lamothe, 1943, 92 N.H. 299, 30 A.2d 11; Johnson v. White Mountain Creamery Association, 1895, 68 N.H. 437, 438, 36 A. 13. But it *must arise out of the same transaction.* Lehigh Navigation, supra, 89 N.H. at page 276, 197 A. at page 411. Moreover, a claim for recoupment can be in excess of the plaintiff's claim. Vernon Parts Corp. v. Granite State Machine Co., Inc., 1945, 93 N.H. 315, 317, 41 A.2d 605; Johnson v. White Mountain Creamery Association, 1895, 68 N.H. 437, 36 A. 13.

The facts of this case present a classic example of recoupment, both because they fit the requirements for recoupment outlined above, and because many of the recoupment cases involve an action by a laborer for wages, followed by a claim by the employer for damages for faulty work. That is the situation in this case. *The counterclaim arises out of the same*

*transaction.* Being in effect a claim for recoupment, it follows that none of the set-off statutes are in point.

 The availability to the defendant of recoupment does not depend on set-off statutes. This is because recoupment is in a sense not a separate cause of action, like set-off, but it is a defense to the plaintiff's cause of action, diminishing it because of some damage done to the defendant. This is especially true in contract cases, where the respective damages to both parties arise out of the same transaction and affect each party's legal rights and liabilities on the contract. Recoupment "is of common-law origin." 80 C.J.S. Set-Off and Counterclaim § 2. See also, Vernon Corp., supra:

> " * * * although we have no statute of counterclaim, recoupment for unliquidated damages in excess of a plaintiff's demand is permitted, and *parties are not ordinarily required to bring two actions when their rights can be settled conveniently in one. * * * "* 93 N.H. at page 317, 41 A.2d at page 606. [Emphasis added.]

Support for the contention that recoupment is allowed, regardless of set-off statutes, is found in the historic case of Britton v. Turner, 1834, 6 N.H. 481. In that case, plaintiff was a laborer who worked for part of the term agreed. He was allowed to recover for labor which benefited defendant, but his award was diminished by the damages suffered by defendant because of plaintiff's wrongful leaving. Defendant was not required to rely on the set-off statute, although that statute was enacted in 1791.[1] See also Danforth v. Freeman, 1898, 69 N.H. 466, 469, 43 A. 621.

 It having been decided that the set-off statute does not apply, it remains to determine whether or not the counterclaim is an "action" prohibited by RSA 556:1, supra, if filed against an administrator within one year of the grant of administration.

I conclude that it is not.

The counterclaim is not really an "action" but a defense to the plaintiff's action. Moreover, it was filed before the administrator ever became a party. As a matter of trial convenience alone, the counterclaim should be allowed, since common issues of fact and law, and identical witnesses, will be required. Equitable principles demand that recoupment should be allowed.

The fact that defendant might be entitled to affirmative relief does not make his counterclaim an "action" prohibited by RSA 556:1. The counterclaim is part of the same contract as plaintiff's claim. The extent of the allowance of the counterclaim should not depend on the fortuitous amount of plaintiff's claim.

Since the counterclaim is not an "action" within the meaning of RSA 556:1, relating to actions within one year after the grant of administration, it is not an "action" for which a demand on the administratrix is necessary.

Plaintiff's motion to dismiss defendant's counterclaim is denied.

---

[1]. Dictum in the Britton case to the effect that defendant could get no affirmative relief, is overruled by the Johnson case, supra.